## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action Number:

FRANKLIN MERRILL; ANTHONY GLOVER;
KEITH HERRING; ANTHONY DENNIS;
LARRY JURCAK; SAMI NASR;
RONALD DENNIS; RODNEY LACY;
JAMES NEWBERRY; TAMI POTIRALA;
CRAIG WILLIAMS; ZIGMUND GUTOWSKI;
JOSEPH HORION; ERIC ARD;
ALLEN CASHMAN; ADAM HEIDE;
EDUARDO SUSTAITA; JOSE GARCIA;
ERIC ROBERTSON; BECKY AUSTIN;
JEFFREY BIGGS; PAULA HORION;
JOSE LIMON; GERORD THOMAS;
JAIME PARRALES; TURRELL SANDERS;
EARNEST WARD, JR.; CHRISTOPHER ZDENEK;
DANNY LLOYD; DUANE VANDERKAMP;
JOEY BROWN; MELANIE BROWN;
ORLANDO LEBRON; CHARLES TANKSLEY;
GARY GRUBBS; CHRIS BEAUPRE;
RAYNOLD CORNEILLE; JULIAN LAFRANKS;
ANDRE ELLIS; BENJAMIN JOHNSON;
ELVRETT LITTLEJOHN; JESSIE BRAXTON, JR.;
JOHNNIE WYNNE; STEVEN KORTMAN;
TERRY JONES; DONALD CREASMAN;
ALEXANDER FLANIGAN; and
TIM HOLLINGSWORTH;
all individuals,

    Plaintiffs,

v.

CONTRACT FREIGHTERS, INC. a/k/a CFI, a Missouri corporation
registered to conduct business in Colorado;
TRANSFORCE, INC., a Canadian corporation;
XPO LOGISTICS TRUCKLOAD, INC., a
Missouri corporation registered to conduct
business in Colorado; and

### COMPLAINT AND JURY DEMAND

CON-WAY TRUCKLOAD INC., a Missouri
corporation registered to conduct business in Colorado,

     Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs FRANKLIN MERRILL; ANTHONY GLOVER; KEITH HERRING; ANTHONY DENNIS; LARRY JURCAK; SAMI NASR; RONALD DENNIS; RODNEY LACY; JAMES NEWBERRY; TAMI POTIRALA; CRAIG WILLIAMS; ZIGMUND GUTOWSKI; JOSEPH HORION; ERIC ARD; ALLEN CASHMAN; ADAM HEIDE; EDUARDO SUSTAITA; JOSE GARCIA; ERIC ROBERTSON; BECKY AUSTIN; JEFFREY BIGGS; PAULA HORION; JOSE LIMON; GERORD THOMAS; JAIME PARRALES; TURRELL SANDERS; EARNEST WARD, JR.; CHRISTOPHER ZDENEK; DANNY LLOYD; DUANE VANDERKAMP; JOEY BROWN; MELANIE BROWN; ORLANDO LEBRON; CHARLES TANKSLEY; GARY GRUBBS; CHRIS BEAUPRE; RAYNOLD CORNEILLE; JULIAN LAFRANKS; ANDRE ELLIS; BENJAMIN JOHNSON; ELVRETT LITTLEJOHN; JESSIE BRAXTON, JR.; JOHNNIE WYNNE; STEVEN KORTMAN; TERRY JONES; DONALD CREASMAN; ALEXANDER FLANIGAN; and TIM HOLLINGSWORTH; (hereinafter collectively referred to as "Plaintiffs") by and through the undersigned counsel, bring this Complaint, as a collective action, pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, demand a jury trial, and allege as follows:

### <u>COLLECTIVE ACTION</u>

1.    Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b).

2.      All named Plaintiffs are similarly situated: they are all employees, or former employees, of Defendants, and Defendants have failed to pay them minimum wage on many occasions due to improper deductions from Plaintiffs' pay.

3.      Therefore, Plaintiffs request the Court certify this collective action as soon as possible so that Plaintiffs and this Court may craft a notice process to all other similarly situated employees of Defendants who may desire to opt-in to this action.

## JURISDICTION, VENUE AND PARTIES

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this Complaint raises a federal question and a private cause of action, including a collective action, is authorized by the FLSA.

5.      This Court has personal jurisdiction over Defendants as Defendants are engaged in continuous and systematic business activities within this State. Defendants are foreign entities registered to conduct business in the State of Colorado, or directly conduct business in Colorado whether through a subsidiary company or otherwise, and are in fact engaged in continuous and systematic business activities within this State. As such, all Defendants are subject to the general or specific personal jurisdiction of this Court.

6.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(a), (b) and (c) because a substantial part of the events or omissions giving rising to Plaintiffs' claims occurred in the District of Colorado and all Defendants are subject to the personal jurisdiction of the Court.

7.      Plaintiff Franklin Merrill is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee

engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

8. Plaintiff Anthony Glover is a resident of the State of Virginia and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

9. Plaintiff Keith Herring is a resident of the State of Michigan and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

10. Plaintiff Anthony Dennis is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

11. Plaintiff Larry Jurcak is a resident of the State of Illinois and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-

road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

12. Plaintiff Sami Nasr is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

13. Plaintiff Ronald Dennis is a resident of the State of Alabama and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

14. Plaintiff Rodney Lacy is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

15. Plaintiff James Newberry is a resident of the State of Oregon and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

16.     Plaintiff Tami Potirala is a resident of the North Carolina and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

17.     Plaintiff Craig Williams is a resident of the State of Ohio and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

18.     Plaintiff Zigmund Gutowski is a resident of the State of Michigan and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

19.     Plaintiff Joseph Horion is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

20.     Plaintiff Eric Ard is a resident of the State of Georgia and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee

engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

21. Plaintiff Allen Cashman is a resident of the State of Tennessee and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

22. Plaintiff Adam Heide is a resident of the State of Michigan and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

23. Plaintiff Eduardo Sustaita is a resident of the State of New Mexico and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

24. Plaintiff Jose Garcia is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-

road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

25.     Plaintiff Eric Robertson is a resident of the State of North Carolina and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

26.     Plaintiff Becky Austin is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

27.     Plaintiff Jeffrey Biggs is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

28.     Plaintiff Paula Horion is a resident of the State of Arkansa and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

29.     Plaintiff Jose Limon is a resident of the State of Texas and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

30.     Plaintiff Gerord Thomas is a resident of the State of Tennessee and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

31.     Plaintiff Jaime Parrales is a resident of the State of Florida and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

32.     Plaintiff Turrell Sanders is a resident of the State of California and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

33.     Plaintiff Earnest Ward, Jr. is a resident of the State of California and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an

employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

34. Plaintiff Christopher Zdenek is a resident of the State of Florida and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

35. Plaintiff Danny Lloyd is a resident of the State of North Carolina and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

36. Plaintiff Duane Vanderkamp is a resident of the State of Virginia and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

37. Plaintiff Joey Brown is a resident of the State of Pennsylvania and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an

"over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

38. Plaintiff Melanie Brown is a resident of the State of Pennsylvania and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

39. Plaintiff Orlando Lebron is a resident of the State of New York and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

40. Plaintiff Charles Tanksley is a resident of the State of Georgia and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

41. Plaintiff Gary Grubbs is a resident of the State of Tennessee and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

42.     Plaintiff Chris Beaupre is a resident of the State of Florida and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

43.     Plaintiff Raynold Corneille is a resident of the State of Florida and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

44.     Plaintiff Julian LaFranks is a resident of the State of California and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

45.     Plaintiff Andre Ellis is a resident of the State of Florida and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

46.     Plaintiff Benjamin Johnson is a resident of the State of California and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an

employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

47.     Plaintiff Elvrett Littlejohn is a resident of the State of Florida and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

48.     Plaintiff Jessie Braxton, Jr. is a resident of the State of Arizona and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

49.     Plaintiff Johnnie Wynne is a resident of the State of Florida and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

50.     Plaintiff Steven Kortman is a resident of the State of Michigan and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an

"over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

51.    Plaintiff Terry Jones is a resident of the Washington D.C. and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

52.    Plaintiff Donald Creasman is a resident of the North Carolina and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

53.    Plaintiff Alexander Flanigan is a resident of the State of Georgia and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

54.    Plaintiff Tim Hollingsworth is a resident of the State of Tennessee and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

55.     Defendant Contract Freighters, Inc. a/ka/ CFI is a corporation duly organized and existing under the laws the State of Missouri, with its principal place of business located in Joplin, Missouri. At all relevant times described herein, Defendant was an enterprise engaged in commerce, as defined by the FLSA. Specifically Defendant was, and remains, in the business of assisting companies in shipping goods all over the United States, and upon information and belief, has gross annual sales of over $500,000. Defendant Contract Freighters, Inc. a/k/a CFI may be served through its registered agent at: Corporation Service Company, 1900 West Littleton Boulevard, Littleton, CO 80120.

56.     Defendant Transforce, Inc. is a corporation duly organized and existing under the laws of Canada. At all relevant times described herein, Defendant was an enterprise engaged in commerce, as defined by the FLSA. Specifically, Defendant was, and remains, in the business of assisting companies in shipping goods all over the United States (and North America for that matter), and upon information and belief, has gross annual sales of over $500,000. Defendant Transforce, Inc. may be served through its registered agent at: 8801 Trans-Canada Highway, Suite 500, Saint-Laurent QC H4S 1Z6, Canada, in care of Josiane-M. Langlois.

57.     Defendant XPO Logistics Truckload, Inc. is a corporation duly organized and existing under the laws of the State of Missouri, with its principal place of business located in Joplin, Missouri. At all relevant times described herein, Defendant was an enterprise engaged in commerce, as defined by the FLSA. Specifically, Defendant was, and remains, in the business of assisting companies in shipping goods all over the United States, and upon information and belief, has gross annual sales of over $500,000. Defendant XPO Logistics Truckload, Inc. may be served

through its registered agent at: Corporation Service Company, 1900 West Littleton Boulevard, Littleton, CO 80120.

58. Defendant Con-way Truckload Inc. is or was a corporation duly organized and existing under the laws of the State of Missouri, with its principal place of business located in Joplin, Missouri. At all relevant times described herein, Defendant was an enterprise engaged in commerce, as defined by the FLSA. Specifically, Defendant was, and possibly remains, in the business of assisting companies in shipping goods all over the United States, and upon information and belief, has gross annual sales of over $500,000. Defendant Con-way Truckload Inc. may be served through its registered agent at: Corporation Service Company, 1900 West Littleton Boulevard, Littleton, CO 80120.

59. Upon information and belief, Defendant XPO Logistics Truckload, Inc. may have acquired Defendant Con-way Truckload, Inc. sometime in the last quarter of 2015, including all of Defendant Con-Way Truckload, Inc.'s liabilities. Additionally, upon information and belief, Defendant Transforce, Inc. may have acquired Defendant XPO Logistics Truckload, Inc. sometime in the last quarter of 2016, including all of Defendant XPO Logistics Truckload, Inc.'s liabilities. Finally, upon information and belief, Defendant Transforce, Inc. has operated, and continues to operate, XPO Logistics Truckload, Inc. as Contract Freighters, Inc. a/k/a CFI. For the purpose of clarity, all Defendants will collectively be referred to as "Defendants" or "CFI."

60. Even if Defendants do not realize gross annual sales of over $500,000, the Court still has jurisdiction over Plaintiffs' claims as it cannot be reasonably disputed that each Plaintiff was, or remains, engaged in commerce within the meaning of the FLSA.

## THE WILLFUL MISCLASSIFCATION OF PLAINTIFFS AS INDEPENDENT CONTRACTORS

61.     Pathway Leasing, LLC and Matthew Harris (hereinafter collectively referred to as "Pathway Leasing") began operating as a business in Colorado in January 2012. The stated purpose of the company is to "provid[e] reliable, fuel efficient equipment that meets the needs of independent contractors; partner[] with quality partner carriers; includ[e] only necessary, value-added services; and structur[e] every lease to be affordable where each customer will have an asset worth owning upon lease completion."[1]

62.     Thus, Pathway Leasing bills itself as a company that provides trucks to independent contractors, through lease agreements, such that the independent contractors may procure "reliable truck[s] that meet[] the needs of their business."[2] Further, Pathway Leasing states: "Throughout the lease, Pathway and its affiliates deliver business solutions to help the IC [independent contractor] manage their business and ultimately realize the goal of owning their truck."[3]

63.     In reality, Pathway Leasing preys upon individuals with poor credit or other circumstances that prevent them from purchasing a truck through more traditional means. Under the guise of offering a "lease" to these purported "independent contractors," Pathway Leasing is able to employ individuals, including Plaintiffs, and avoid the expense of acknowledging the employer-employee relationship, *e.g.*, the payment of payroll taxes.

64.     After Plaintiffs signed their respective "lease" agreements, Pathway Leasing exercised near total control over Plaintiffs' work-related activities, including dictating what

---

[1] https://www.pathwayleasing.com/about-us/ (last visited August 31, 2016).
[2] https://www.pathwayleasing.com (last visited August 31, 2016).
[3] Id.

company or companies any given Plaintiff could perform work for and demanding that all payments from those companies be delivered to Pathway Leasing, rather than directly to Plaintiffs as one would expect if Plaintiffs were actually independent contractors, each running their own business. This was done, in part, so that Pathway Leasing could then issue paychecks to Plaintiffs after making improper and unlawful deductions.

65.     These paychecks often contained deductions for various types of advances made by Pathway Leasing to Plaintiffs. Notably, these paychecks never included deductions for any type of payroll withholding required under federal and state law when an employer-employee relationship is formed.

66.     Upon information and belief, Pathway Leasing has a contractual relationship or other agreement, whether written or verbal, with the CFI, which is designated as acceptable for Plaintiffs to provide trucking services. The presumed purpose for any such agreement is to allow both Pathway Leasing and CFI to avoid the expense of retaining employees. As such, Pathway Leasing and CFI are joint employers for purposes of liability under the FLSA.

67.     Despite CFI having tried to structure their relationship with Plaintiffs for the purpose of avoiding an employer-employee relationship, the economic realities of the relationship dictate that Plaintiffs are in fact Defendants' employees. Under the FLSA, courts look to the "economic realities test" which examines the totality of the circumstances, with an examination of the following factors: (1) the degree of control exercised by the employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the employer's business. *See, e.g., Barlow v.*

*C.R. England, Inc.*, 703 F.3d 497, 506 (10th Cir. 2012). Importantly, the "focal point in deciding whether an individual is an employee is whether the individual is *economically dependent* on the business to which he renders service." *Id.* (emphasis in original).

68.     Here, all Plaintiffs work for Defendants pursuant to Defendants' complete control over the working relationship. Plaintiffs are not allowed to drive for any companies that Defendants do not approve. In fact, many Plaintiffs have been asked to drive for other companies, have forwarded that request to Defendants, and have been told by Defendants, or Pathway Leasing, that they are not allowed to drive for any companies other than those that Defendants specify. Moreover, Defendants control the manner and ability by which Plaintiffs may service and repair their leased vehicles.

69.     Pathway Leasing "leases" its vehicles with a service warranty, but in many cases, will not honor the service arrangement when the truck needs to be repaired. In fact, all Plaintiffs have suffered at least one instance in which the truck needed to be repaired, and Pathway Leasing failed to honor the service warranty. Rather, Pathway Leasing offered to loan the respective Plaintiffs money to pay for the repairs so long as Plaintiffs signed a promissory note in exchange. Pathway Leasing would deduct payments due under the promissory notes from Plaintiffs' paychecks. The terms of the promissory notes dictated that while a promissory note was in effect, a Plaintiff could never receive more than $900 in a pay period nor would a Plaintiff receive less than $100 in a pay period. In many pay periods, various Plaintiffs were paid as little as $100 to $200 dollars despite working around 70 hours in the same pay period. In this way and acting as joint employer, CFI failed to pay Plaintiffs minimum wage on many occasions.

70.     Thus, no Plaintiff was afforded the opportunity to expend their own efforts in order to increase their profit. Rather, the terms of the "lease" agreement, combined with the effect of the promissory notes, all but guaranteed Plaintiffs would be indebted to Defendants, and if any Plaintiff was ever able to complete payments on the terms of a "lease," that Plaintiff was guaranteed to have grossly overpaid for the vehicle. Related, Plaintiffs were led to believe that they were "investing" in their own business through repairs or improvements made to their trucks, but in reality, Plaintiffs were increasing the profits of Defendants while inadvertently being tricked into reducing their own wages to below that mandated by the FLSA.

71.     The working relationship between Plaintiffs and Defendants was meant to be as permanent as possible. In fact, the only way a Plaintiff could exit the relationship would be to pay off the lease, an unlikely event given the usurious nature of the terms, or default on the lease. By design, that is, through the use of promissory notes and a service warranty never meant to be honestly interpreted, Defendants and Pathway Leasing sought to extend the employment relationship as long as possible thereby increasing their profits.

72.     While there can be no doubt that a certain amount of skill is required to engage in the trucking industry as a driver, driving itself is not a unique skill traditionally exercised by independent contractors. To be sure, truck drivers that are true independent contractors do exist; however, many companies utilize employee-drivers. Many drivers prefer to be employee-drivers as this eases the burden of maintaining licensure and ensuring regulatory compliance. In either event, it cannot be stated that driving in and of itself is a highly skilled avocation, even if it is difficult and, at times, stressful.

73. Finally, Plaintiffs' work was absolutely integral to Defendants' business. While Defendants advertise themselves as being in the business of leasing trucks or in the business of moving goods in commerce, the truth is Defendants' income is heavily dependent, or completely dependent, on the *driving* performed by their purported "lessees or independent contractors." Put simply: the longer a Plaintiff moves Defendants' freight with little in the way of overhead expenses, from Defendants' perspective, the more money Defendants make. This analysis does not include the value of whatever agreements must exist between Pathway Leasing and CFI, that Plaintiffs must exclusively drive for, as dictated by the Pathway Defendants. Pathway Leasing is not in the leasing business, but rather, is in the business of shipping freight with CFI. Through a convoluted, albeit somewhat sophisticated system of leases and warranties, Pathway Leasing and CFI are able to pass themselves off as something they are not. As to the true nature of Defendants' business, Plaintiffs' work is critical to Defendants' success.

74. Importantly, the primary question posed by the economic realities test is: "Whether the individual is *economically dependent* on the business to which he [or she] renders service?" The answer to this question must unequivocally be answered in the affirmative. Plaintiffs are not allowed to drive for other companies, CFI remits payment for Plaintiffs' services directly to Pathway Leasing rather than to Plaintiffs, and Defendants, as joint employers, make whatever deductions they see fit (but not federal and state mandated payroll deductions). As such, without their relationship with Defendants, Plaintiffs would realize no economic gain whatsoever. As it is, Plaintiffs' economic gain constitutes, in many pay periods, starvation level wages.

75. Because the Pathway Leasing bill itself as a leasing company, but in reality is a shipper of goods with a somewhat sophisticated system of leases and warranties demonstrating

only one possible goal: the avoidance of retaining employees, all Plaintiffs have been intentionally misclassified as lessors or independent contractors by Defendants and Pathway Leasing.

## THE JOINT EMPLOYMENT RELATIONSHIP

76. The United States Department of Labor has promulgated regulations, which carry the force of law, to implement the FLSA. One regulation specifically defines "joint employment" as: "A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938 . . . if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act . . . ." 29 C.F.R. § 791.2(a).

77. Moreover, the United States Department of Labor's regulations provide: "Where the employee performs work which simultaneously benefits two or more employers . . . a joint employment relationship generally will be considered to exist in situations such as: (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one

employer controls, is controlled by, or is under common control with the other employer." 29 C.F.R. § 791.2(b)(1), (2), and (3).

78.     As already described herein, the Pathway Leasing contracts with CFI, whether the contract is verbal or written, and Defendants then benefit from the services performed by Plaintiffs. Because Pathway Leasing only allows Plaintiffs to drive for CFI (or a select few other companies with which they have a similar relationship), the businesses are not completely "disassociated." Rather, Pathway Leasing and CFI are intertwined and economically dependent on the other, or others. As such, all Defendants are liable, "both individually and jointly, for compliance" with the FLSA. All Defendants have failed to pay Plaintiffs minimum wage on many occasions and are liable for payment of the same, including liquidated damages, attorneys' fee, costs, interest and any other relief order by this Court.

## DEFENDANTS' WILLLFULLY FAILED TO PAY PLAINTIFFS MINIMUM WAGE

79.     The FLSA requires that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . or is employed in an enterprise engaged in commerce . . . wages at the following rates: (C) $7.25 an hour . . . ." 29 U.S.C. § 206(a)(1)(C).

80.     Pathway Leasing set up agreements with CFI in order to ship goods such that Defendants' purported lessees or independent contractors would be required to drive for Defendants as part of their "lease agreement." As already described herein, Plaintiffs were not independent contractors or in a lessor/lessee relationship with Defendants; rather, Plaintiffs were joint employees of Defendants. Also, as already alleged, Plaintiffs can discern no other reason for Defendants to have created this elaborate arrangement of leases, warranties and promissory notes other than for the purpose of avoiding the expense and burden of hiring actual employees.

81.     To make matters worse, Defendants targeted truck drivers with poor credit or no ability to obtain traditional financing, *i.e.*, Defendants targeted individuals with few, if any, other options to earn a living. Thus, each and every time Defendants failed to pay Plaintiffs minimum wage, the failure was willful.

82.     At the beginning of Plaintiffs' employment relationship, that is, before Defendants began to make deductions for promissory notes executed for maintenance and repairs, Plaintiffs may have been paid at a rate above the minimum wage. However, as each successive Plaintiff became faced with maintenance and repairs costs (costs that should have been covered under Defendants' service warranty or as cost of doing business) and was unable to afford such costs, the Plaintiff would be left with no other option but to sign a promissory note to Pathway Leasing. Defendants, as joint employers, then deducted these promissory note payments from Plaintiffs' paychecks, resulting in a failure to pay the required minimum wage as each Plaintiff worked approximately 70 hours in any given pay period and received amounts that sometimes equated to just a few dollars per hour.

83.     Moreover, as Plaintiffs were joint employees of Defendants, not independent contractors or lessees, any deductions for maintenance or repair of Defendants' property were not proper deductions as these costs are not properly transferable to an employee. Even if Plaintiffs were properly classified as employees in the first instance (which they were not), Defendants did not follow the proper procedures for making such deductions, and in any event, cannot still fail to pay the minimum wage. Plaintiffs have suffered damages from Defendants' willful failure to pay minimum wage and are entitled to collect all unpaid wages, liquidated damages, fees, costs, and interest.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA
### 29 U.S.C. §§ 201 *et seq.*

84.    Plaintiffs incorporate all allegations contained herein as if fully stated in this Paragraph.

85.    Defendants are employers within the meaning of the FLSA.

86.    Plaintiffs are employees within the meaning of the FLSA.

87.    Plaintiffs were employed, or remained employed, by Defendants.

88.    The FLSA requires that employers pay employees not less than the minimum wage, currently set at $7.25 per hour.

89.    In many instances, Plaintiffs wages were subject to improper deductions by Defendants resulting in the payment of less than minimum wage.

90.    Plaintiffs have suffered damages as a result of Defendants' failure to pay minimum wage, and seek those unpaid wages, liquidated damages, fees, costs, and interest at the highest allowable rate under law.


## COUNT II
### Unlawful Retaliation
### 29 U.S.C. §§ 201 *et seq.*

91.    Plaintiffs incorporate all allegations contained herein as if fully stated in this Paragraph.

92.    The FLSA prohibits retaliation in the form of termination or any other type of discrimination against an employee for exercising their rights under the FLSA.

93.     Upon information and belief, Defendants have threatened to terminate employees if they join the instant lawsuit, and in some cases, Defendants have refused to hire or re-hire certain Plaintiffs because they joined this lawsuit.

94.     Upon information and belief, Defendants have used the threat of termination for the purpose of preventing employees from joining this lawsuit.

95.     These acts constitute unlawful retaliation under the FLSA, and Plaintiffs are entitled to recover for the same.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for certification of this Complaint as collective action pursuant to the FLSA and entry of judgment in their favor and against Defendants as follows:

1.     Plaintiffs request payment of all unpaid minimum wages, totaling an amount not less than $500,000, and in any event, in amounts no higher than any jurisdictional threshold contained in any arbitration agreement;

2.     Plaintiffs request the payment of an additional equal amount as liquidated damages;

3.     Plaintiffs request the payment of all attorneys' fees and costs;

4.     Plaintiffs request pre and post-judgment interest at the highest rate allowable under law;

5.     Plaintiffs request immediate injunctive relief in the form of an Order from the Court prohibiting Defendants from engaging in unlawful retaliation as proscribed by the FLSA; and

6.     Plaintiffs request any and all other legal or equitable relief deemed appropriate by the Court.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs request a jury trial on all claims described herein, and as may be amended.

Respectfully submitted this 13th day of August, 2019.

/s/John R. Crone
John R. Crone
CO Bar No. 48284
THE LAW OFFICE OF JOHN R. CRONE,
LLC
4550 E Cherry Creek Drive South, #1003
Glendale, Colorado 80246
Telephone: (907) 317-2066
John@crone-law.com
*Attorney for Plaintiffs*