**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02309-SKC

FRANKLIN MERRILL; ANTHONY GLOVER;
KEITH HERRING; ANTHONY DENNIS;
LARRY JURCAK; SAMI NASR;
RONALD DENNIS; RONALD LACY;
JAMES NEWBERRY; TAMI POTIRALA;
CRAIG WILLIAMS; ZIGMUND GUTOWSKI;
JOSEPH HORION; ERIC ARD;
ALLEN CASHMAN; ADAM HEIDE;
EDUARDO SUSTAITA; JOSE GARCIA;
ERIC ROBERTSON; BECKY AUSTIN;
JEFFREY BIGGS; PAULA HORION;
JOSE LIMON; GERORD THOMAS;
JAIME PARRALES; TURRELL SANDERS;
EARNEST WARD, JR.; CHRISTOPHER ZDENEK;
DANNY LLOYD; DUANE VANDERKAMP;
JOEY BROWN; MELANIE BROWN;
ORLANDO LEBRON; CHARLES TANKSLEY;
GARY GRUBBS; CHRIS BEAUPRE;
RAYNOLD CORNEILLE; JULIAN LAFRANKS;
ANDRE ELLIS; BENJAMIN JOHNSON;
ELVRETT LITTLEJOHN; JESSIE BRAXTON, JR.;
JOHNNIE WYNNE; STEVEN KORTMAN;
TERRY JONES; DONALD CREASMAN;
ALEXANDER FLANIGAN; and
TIM HOLLINGSWORTH;
all individuals,

    Plaintiffs,

v.

CONTRACT FREIGHTERS, INC. a/k/a CFI, a Missouri
corporation registered to conduct business in Colorado,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS AND COMPEL INDIVIDUAL ARBITRATIONS**

---

1

Defendant Contract Freighters, Inc. ("CFI") hereby files this Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint") and Compel Individual Arbitrations pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the doctrine of issue preclusion.

## INTRODUCTION

Plaintiffs filed this lawsuit in an attempt to re-litigate claims against CFI that Magistrate Judge Mix already dismissed and compelled to individual arbitrations.

Plaintiffs filed a lawsuit against CFI and others in 2016 asserting claims for unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA"). *See* Case No. 1:16-cv-02242-KLM, United States District Court for the District of Colorado ("*Merrill I*"). CFI moved to dismiss those claims for lack of jurisdiction. (*See Merrill I* Dkt. #s 58, 75, 83, 94, 97, and 107.) Specifically, Plaintiffs contracted with CFI to transport goods, and each Plaintiff's relationship with CFI was created and is governed by a Contractor Hauling Agreement (the "Agreement"), which sets forth each party's rights and obligations thereunder. Those Agreements require Plaintiffs to arbitrate all claims against CFI arising out of the Agreements on an individual basis in Joplin, Missouri.

In October 2017, Judge Mix, the presiding judge in *Merrill I,* properly compelled Plaintiffs' claims against CFI to individual arbitrations. (*Merrill I* Dkt. # 164.) Thereafter, in June and July 2018, *Merrill I* proceeded to a bench trial against the remaining defendants, Pathway Leasing, LLC and Matthew Harris, Pathway Leasing's principal.[1] (*Merrill I* Dkt. #s 268-274.) Plaintiffs and Pathway Leasing are still awaiting a ruling from Judge Mix on the *Merrill I* trial.

In January 2019, Plaintiffs filed a motion for reconsideration of Judge Mix's Order compelling Plaintiffs' claims against CFI to individual arbitrations. (*Merrill I* Dkt. # 298.) After

---

[1] Plaintiffs rented trucks from Pathway Leasing and, as further summarized below, alleged CFI and Pathway Leasing were "joint employers."

2

seven total briefs were submitted *and* oral argument was held, Judge Mix denied Plaintiffs' motion and upheld her original order compelling Plaintiffs' claims to individual arbitrations. (*Merrill I* Dkt. #s 298-300, 302, and 326.)

Despite Judge Mix's ruling, not once, but twice, that Plaintiffs' claims against CFI could only proceed in individual arbitrations in Joplin, MO, the same Plaintiffs filed the instant action alleging the same claims against the same defendant. This Court should dismiss this lawsuit for two reasons. First, Plaintiffs' lawsuit is barred by the doctrine of issue preclusion. Again, this lawsuit is brought by the exact same Plaintiffs as in *Merrill I,* the same defendant is involved, the same Agreements govern the relationship between Plaintiffs and CFI, and the exact same claims are alleged. The parties and Judge Mix have already expended substantial resources addressing the scope and enforceability of the Agreements in *Merrill I*. This new lawsuit flagrantly disregards Judge Mix's prior Orders and should immediately be dismissed.

Second, even on the merits, Plaintiffs' Complaint must be dismissed for the exact same reasons previously raised before Judge Mix. Namely, all of Plaintiffs' claims as asserted against CFI arise out of the Agreements, are governed by the Agreements, and must be compelled to arbitration. Therefore, CFI respectfully requests the Complaint be dismissed with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

### I. Plaintiffs' Claims in *Merrill I* and CFI's Motion to Dismiss and Compel those Claims to Individual Arbitrations.

Plaintiffs filed a lawsuit against Pathway Leasing and Matthew Harris (the principal member and Pathway's registered agent) on September 6, 2016, asserting purported collective action claims for alleged violations of the FLSA. Plaintiffs' Complaint generally alleged Pathway Leasing misclassified the named Plaintiffs and other similarly situated individuals as "lessees or

3

independent contractors" when they were in fact employees and, therefore, Plaintiffs claimed they are subject to the FLSA's minimum wage provisions. (*See generally Merrill I* Dkt. # 1.)

Plaintiffs filed amended complaints on November 27, 2016 and December 19, 2016, naming TransForce, Inc. ("TransForce"), XPO Logistics Truckload, Inc., and Con-Way Truckload, Inc. (*Merrill I* Dkt. #s 24, 54.) As clarified in briefings filed in *Merrill I,* TransForce is the parent company of Contract Freighters, Inc. (**the named defendant in the instant lawsuit**), which is formally known as XPO Logistics Truckload, Inc., which is also formally known as Con-Way Truckload, Inc. *(Merrill I* Dkt. # 58, fn. 1.) In other words, **the same entity named in *Merrill I* is named in the present lawsuit**, and Plaintiffs just removed TransForce, Pathway Leasing, and Matthew Harris as defendants.

In *Merrill I,* Plaintiffs alleged they and other similarly situated individuals performed hauling services for CFI in the capacity of employees rather than independent contractors and that the relationship between CFI (as a motor-carrier) and Pathway Leasing (as a lessor) constituted a joint-employment relationship. (*Id.*)

On January 10, 2017, CFI filed a Motion to Dismiss and Compel Individual Arbitrations pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the FAA, 9 U.S.C. § 1, *et seq.*, demonstrating Plaintiffs must submit their claims to individual arbitrations pursuant to the Agreements that created and governed their relationship with CFI. (*See Merrill I* Dkt. # 58.) Plaintiffs filed their Response on January 31, 2017. (*Merrill I* Dkt. # 75.) Then, on February 13, 2017, Plaintiffs filed a Fourth Amended Complaint, adding two more named plaintiffs. (*See Merrill I* Dkt. # 82.)

On March 20, 2017, CFI filed a Motion to Dismiss Plaintiffs' Fourth Amended Complaint and Compel Individual Arbitrations ("Second Motion to Compel Individual Arbitrations"),

incorporating the arguments made in CFI's Motion.  (*Merrill I* Dkt. # 94.)  Plaintiffs responded on March 30, 2017.  (*Merrill I* Dkt. # 97.)  CFI filed its reply on April 13, 2017.  (*Merrill I* Dkt. # 107.)

On October 5, 2017, Judge Mix entered an Order granting CFI's Second Motion to Compel Individual Arbitrations.  (*Merrill I* Dkt. # 164, "Order.")  In doing so, Judge Mix recognized the presumption in favor of arbitration, which "applies with even greater force" when the arbitration provision at issue is framed broadly, and then provided a detailed and comprehensive analysis on Plaintiffs' claims against CFI, the language at-issue in the agreements, and relevant case law, and ultimately concluded Plaintiffs' claims for unpaid wages and retaliation fell within the scope of the arbitration provisions.  (*Id.* at pp. 5-7.)

A 7-day bench trial commenced between Plaintiffs, Pathway Leasing, and Matthew Harris on June 25, 2018.  (*See Merrill I* Dkt. #s 268-274.)  On July 27, 2018, Pathway Leasing filed a Motion to Decertify 29 U.S.C. § 216(b) Collective Action based on the evidence presented during the bench trial.  (*Merrill I* Dkt. # 275.)  Judge Mix orally granted Pathway Leasing's Motion to Decertify on February 21, 2019, dismissing the opt-in plaintiffs' claims without prejudice.  (*Merrill I* Dkt. # 303, p. 1.)  The Court has not yet issued a ruling in connection with the bench trial.

To date, Plaintiffs have not made any demands for arbitration against CFI.  Based on conferrals, CFI understands Plaintiffs are waiting to do so until Judge Mix enters a ruling on the *Merrill I* bench trial.

## II. Plaintiffs Asked Judge Mix to Reconsider Her Order Compelling Their Claims to Individual Arbitration.

On January 17, 2019—more than a year after Judge Mix compelled Plaintiffs' claims against Defendant to arbitration and more than six months after Plaintiffs' claims against Pathway

Leasing proceeded to a bench trial—Plaintiffs filed a Motion to Reconsider Judge Mix's Order compelling their claims to arbitration. (*Merrill I* Dkt. # 298.)  Plaintiffs' Motion to Reconsider was premised on the United States Supreme Court decision in *New Prime v. Oliveira,* 139 S. Ct. 532 (2019)*,* alleging *New Prime* "now makes clear that arbitration provisions of the type between Plaintiffs and former XPO Defendants, i.e., an arbitration provision between a trucking company and purported independent contractors, is in fact a 'contract[] of employment of . . . any other class of workers engaged in foreign or interstate commerce' and expressly excepted from operation of the [FAA]." (Dkt. # 298, p. 3 (quoting *New Prime,* 139 S.Ct. at 536).)

After oral argument on this issue and a total of seven briefs were filed[2], Judge Mix denied Plaintiffs' Motion to Reconsider and upheld her Order compelling Plaintiffs' claims against CFI to arbitration on April 29, 2019. (*Merrill I* Dkt. # 326.)  Judge Mix thoroughly explained her rationale in 14 pages and ultimately held *New Prime* did not preclude the Court from dismissing those claims in favor of arbitration pursuant to Missouri law—the parties' choice of law in the Agreements. (*Id.*)

Despite Judge Mix's rulings in *Merrill I*, Plaintiffs filed this lawsuit alleging, yet again, that CFI violated the FLSA by not paying minimum wage and retaliating against them.  Plaintiffs' Complaint is nearly identical to *Merrill I*, <u>and the same arbitration agreements govern the parties' relationships</u>.  This case should not and cannot proceed.

## ARGUMENT

The Court should dismiss Plaintiffs' Complaint with prejudice for two reasons: (1) Plaintiffs' claims are barred by the doctrine of issue preclusion, and (2) even on the merits, this Court lacks jurisdiction for the same reasons already decided by Judge Mix—they entered into

---

[2] Supplemental briefs were filed at the request of Judge Mix on various issues.

valid and enforceable mutual agreements to individually arbitrate their claims against CFI in Joplin, Missouri.

## I. Plaintiffs' Complaint Must Be Dismissed Because Their Claims Are Barred by Issue Preclusion.

Judge Mix has decided not once, but twice, that the Court lacks jurisdiction over Plaintiffs' claims because they must be individually arbitrated in Joplin, Missouri. This Court need not address this question for a third time under the doctrine of issue preclusion, which "bars a party from relitigating an issue once it has suffered an adverse determination on the issue[.]" *Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1136 (10th Cir. 2004) (citations omitted). It is designed to prevent parties from wasting litigants' resources and adjudicators' time, and to discourage parties who lose to shop around for a different tribunal. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1298–99 (2015). In general, issue preclusion applies when: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party to, the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Park Lake,* 378 F.3d at 1136.

The doctrine applies equally to jurisdictional dismissals. *Park Lake,* 378 F.3d at 1136. In particular, "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question." *Id.* (holding claims were precluded because the court had already decided they were not ripe, and it therefore lacked jurisdiction). When the issue of a court's jurisdiction was raised in a previous action, "there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of issue preclusion." *Id*. (citing Restatement (Second) of Judgments § 12 cmt. c. at 119). Thus, issue preclusion "prevents a party

7

from relitigating a jurisdictional question when the party had a full and fair opportunity to litigate the matter in the prior case and the party is reasserting an identical jurisdictional claim." *Cory v. Fahlstrom*, 143 F. App'x 84, 87 (10th Cir. 2005) (unpublished) (dismissing certain of the plaintiff's claims against the defendants because the district court had already concluded it did not have subject matter jurisdiction over them).

In *Merrill I*, Judge Mix decided on two separate occasions the Court did not have subject matter jurisdiction over Plaintiffs' claims for unpaid wages and retaliation against CFI. The Court decided this as an initial matter in the 2017 Order and then revisited the same question in 2019 after the Supreme Court's *New Prime* decision and reached the same conclusion. *See Merrill I* Dkt. # 164, 2017 Order at pp. 7-8; *Merrill I* Dkt. # 326, 2019 Order at pp. 10, 14. Plaintiffs had more than a full and fair opportunity to litigate the matter both times. *See Cory*, 143 F. App'x at 87. Now, they attempt to assert identical claims against CFI and inexplicably allege the Court has subject matter jurisdiction over them. (*See* Am. Compl., at ¶¶ 4, 84-95.) This is nothing more than a third attempt by Plaintiffs to avoid arbitration—a jurisdictional issue on which the Court has conclusively ruled—and waste judicial time and resources. Issue preclusion was designed to prevent this precise scenario. *See B & B Hardware*, 135 S. Ct. at 1298–99; *see also Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009) (noting the doctrine of issue preclusion "prevents a party that has lost the battle over an issue in one lawsuit from re-litigating the same issue in another lawsuit").

For these reasons, the Court must dismiss Plaintiffs' Complaint.

**II.     Even If Not Barred by Issue Preclusion, Plaintiffs' Claims Should Be Dismissed and Compelled to Arbitration Pursuant to the Mutual Agreements to Arbitrate Contained in Plaintiffs' Agreements.**

Alternatively, for the reasons previously briefed and argued extensively before Judge Mix, Plaintiffs' claims should be dismissed and compelled to individual arbitrations in Joplin, Missouri pursuant to their Agreements to individually arbitrate all claims arising out of or relating to their relationship with CFI.

Because the Court may take judicial notice of all on-the-record submissions in the *Merrill I* lawsuit, CFI will not revisit those arguments already made in great detail in this brief. *See Peterson v. Saperstein*, 267 F. App'x 751, 754 (10th Cir. 2008). Instead, CFI incorporates the following pleadings by reference herein: (i) Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Motion to Dismiss and Compel Individual Arbitrations *(Merrill I* Dkt. # 58); (ii) Plaintiffs' Response to Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Motion to Dismiss and Compel Individual Arbitrations (*Merrill I* Dkt. # 75); (iii) Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Reply in Support of Their Motion to Dismiss and Compel Individual Arbitrations (*Merrill I* Dkt. # 83); (iv) Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Motion to Dismiss Plaintiffs' Fourth Amended Complaint and Compel Individual Arbitrations (*Merrill I* Dkt. # 94); (v) Plaintiffs' Response to Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Motion to Dismiss Plaintiffs' Fourth Amended Complaint and Compel Individual Arbitrations (*Merrill I* Dkt. # 97); (vi) Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Reply in Support of Motion to Dismiss Plaintiffs' Fourth Amended Complaint and Compel Individual Arbitrations (*Merrill I* Dkt. # 107);

9

(vii) Order (*Merrill I* Dkt. # 164); (viii) Plaintiffs' Motion for Reconsideration of Court's Order Dated October 4, 2017 [Dkt. 164] (*Merrill I* Dkt. # 298); (ix) XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Response to Plaintiffs'' Motion to Reconsider (*Merrill I* Dkt. # 299); (x) Pathway's Response to Plaintiffs' Motion to Reconsider (*Merrill I* Dkt. # 300); (xi) Plaintiffs' Reply in Support of Motion for Reconsideration of Court's Order Dated October 5, 2017 [Dkt. 164] (*Merrill I* Dkt. # 302); (xii) Supplemental Brief in Response to Plaintiffs' Motion for Reconsideration of Court's Order Dated October 5, 2017 (*Merrill I* Dkt. # 310); (xiii) Plaintiffs' Supplemental Reply in Support of Motion for Reconsideration of Court Order Dated October 5, 2017 (*Merrill I* Dkt. # 317); and (xiv) Defendants XPO Logistics Truckload, Inc., TransForce, Inc., and Con-Way Truckload, Inc.'s Second Supplemental Brief Related to Plaintiffs' Motion for Reconsideration of Court's Order Dated October 5, 2017 *(Merrill I* Dkt. # 324); and (xv) Order (*Merrill I* Dkt. # 326).

## CONCLUSION

CFI respectfully requests dismissal of Plaintiffs' Complaint with prejudice for the reasons articulated above.

Respectfully submitted this 28th day of October, 2019.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        <u>*s/ Michelle B. Muhleisen*</u>
        Austin E. Smith
        Michelle B. Muhleisen
        2000 South Colorado Boulevard
        Tower Three, Suite 900
        Denver, CO  80222
        Telephone:  303.764.6800
        Facsimile:   303.831.9246
        austin.smith@ogletree.com
        michelle.muhleisen@ogletree.com

        *Attorneys for Defendant*
        *Contract Freighters, Inc. a/k/a CFI*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2019, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS AND COMPEL INDIVIDUAL ARBITRATIONS** with the Clerk of Court using the CM/ECF system and served a copy via email on the following counsel of record:

John R. Crone, Esq.
john@crone-law.com

*Attorney for Plaintiffs*

<u>s/ Linda R. Kerman</u>
Linda R. Kerman, Paralegal