IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 19-cv-02309-CMA-SKC

FRANKLIN MERRILL, *et al.*,

    Plaintiffs,

v.

CONTRACT FREIGHTERS, INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [#19]**

---

This Order addresses Plaintiffs' Motion for Reconsideration of the Order striking their Second Amended Complaint ("Motion") [#19].[1] The Court has reviewed the Motion and its Order Striking the Second Amended Complaint ("Striking Order") [#18], and Defendant's Response [#29].[2] Oral argument will not assist the Court; the Court discussed aspects of the Motion with counsel during a Scheduling Conference on December 3, 2019. [#27.] For the following reasons, the Court DENIES the Motion.

### A.     BACKGROUND

Plaintiffs filed their original Complaint on August 13, 2019. [#1.] On August 27, 2019, they filed a Notice of Filing Amended Pleading ("First Notice"), informing the Court

---

[1] The Court uses "[# __ ]" to refer to documents in CM/ECF.
[2] During the December 3, 2019 Scheduling Conference, the Court disallowed the filing of a Reply.

of their intent to file a First Amended Complaint as a matter of course. [#6.] Plaintiffs represented that their amendments were "pursuant to Fed. R. Civ. P 15(a)(1)(A)," which provides that a party may amend a pleading once as a matter of course within "21 days after serving it." [#6.] The Court accepted the First Amended Complaint, noting in an Order that "Plaintiffs are entitled to file their First Amended Complaint as a matter of course." [#7.] Plaintiffs subsequently filed the First Amended Complaint on August 30, 2019. [#8.]

On November 18, 2019, Plaintiffs filed a Notice of Filing of Second Amended Complaint [#16] ("Second Notice") and Second Amended Complaint [#17]. In the Second Notice, Plaintiffs expressly indicated that their amendments were "pursuant to Fed. R. Civ. P. 15(a)(1)(B)." [#16.] The Court struck both filings, stating:

> Plaintiffs' filed their [#]16 Notice of Filing of Second Amended Complaint and [#]17 Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). Rule 15(a)(1) allows a party to amend its complaint "once as a matter of course." All other amendments must be amended pursuant to Fed. R. Civ. P. 15(a)(2). Because Plaintiffs' filed the [#]8 First Amended Complaint pursuant to Rule 15(a)(1), it may not do so a second time.

[#18.] Plaintiffs now ask the Court to reconsider its Striking Order because, according to Plaintiffs, "the Court has misapprehended the facts." [#19 at p.2.]

## B. DISCUSSION

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Spring Creek Expl. & Prod. Co., LLC v. Hess Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). Instead, "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Id.* Judges in this district generally "have imposed limits on their broad discretion to revisit interlocutory orders." *Id.* Accordingly, courts generally

"consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.* "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is committed to the trial court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Contrary to Plaintiffs' assertion, the Striking Order was not based on the Court's misapprehension of facts. The facts are, (1) Plaintiffs filed an original Complaint on August 13, 2019; (2) Plaintiffs filed a First Amended Complaint on August 30, 2019; (3) Plaintiffs' counsel represented that he filed the First Amended Complaint under Rule 15(a)(1)(A); and (4) Plaintiffs tried to file a Second Amended Complaint on November 18, 2019, under Rule 15(a)(1)(B).

As a matter of law, Rule 15(a)(1) is the sole means by which Plaintiffs could amend their Complaint as a matter of course. Rule 15(a)(1) allows a party to amend a pleading "as a matter of course" only once. Fed. R. Civ. P. 15(a)(1). Plaintiffs have sought to amend their complaint twice "as a matter of course," which Rule 15(a)(1) does not allow. According to Plaintiffs, they never served the original Complaint, and therefore, they filed the First Amended Complaint pursuant to some unspecified right to freely amend their complaint "without consequence under Rule 15 prior to service." [#19 at p.3 (emphasis in original).] They argue that Rule 15(a)(1) was not triggered until they served the First Amendment Complaint, which then gave them an opportunity to further amend once "as a matter of course" under Rule 15(a)(1). Plaintiff's cite no authority in support of these arguments, and the Court found none.

3

An unlimited right to amend a complaint prior to service does not exist. *See Gentry v. Nat'l Multi List Service Inc.*, Civ. No. 14-CV-00858-PAB-KMT, 2015 WL 6751103 at *2 (D. Colo. Nov. 5, 2015). In *Gentry*, Chief Judge Brimmer analyzed the intent of the Advisory Committee in drafting the current version of Rule 15. *Id.* He determined that Rule 15(a)(1)(B) applied specifically to complaints, and he interpreted the Rule as allowing amendments once as a matter of course at any time <u>until</u> 21 days after service of a responsive pleading. *Id.* Under this interpretation of Rule 15(a)(1), the trigger for amending a pleading once as a matter of course is "filing" of the pleading, not "service." *See, e.g., id.*

Courts have interpreted Rule 15(a)(1) as providing the outside time limit to amend a pleading as a matter of course from the time of filing, as opposed to containing internal triggers that start a clock on the time to amend. *See id.* (interpreting Rule 15(a)(1)(B) as allowing amendment of a complaint any time until 21 days following service of a responsive pleading); *United States ex rel. Blyn v. Triumph Grp., Inc.*, No. 2:12-cv-922-DAK, 2016 WL 1664904, at *3 (D. Utah April 26, 2016) ("[T]he filing of a pleading is accompanied by a right to amend once as a matter of course, and that right remains with the party that filed the pleading until the right is terminated by one of the time limits described in Rule 15(a)(1).)" This interpretation is supported by the plain language of Rule 15(a)(1), which states that a party "may amend its pleading once as a matter of course <u>within</u>" specified time frames. Fed R. Civ. P. 15(a)(1)(A) and (B). "Within" is a preposition defined to be "used as a function word to indicate enclosure or containment," or "used as a function word to indicate situation or circumstance in the limits or compass of… ."

Merriam-Webster online dictionary, https://www.merriam-webster.com/dictionary/within (last accessed 12/19/19).

## C. CONCLUSION

Plaintiffs filed their original Complaint, and then filed their First Amended Complaint before Defendant filed a responsive pleading. For the reasons stated above, the First Amended Complaint, therefore, was Plaintiffs' one-time amendment as a matter of course under Rule 15(a)(1)(B). The Court did not misapprehend the facts or the controlling law when issuing its Striking Order. The Motion [#19] is DENIED.

DATED: December 19, 2019.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge