**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 19-cv-02309-CMA-SKC

FRANKLIN MERRILL,
ANTHONY GLOVER,
KEITH HERRING,
ANTHONY DENNIS,
LARRY JURCAK,
SAMI NASR,
RONALD DENNIS,
RODNEY LACY,
JAMES NEWBERRY,
TAMI POTIRALA,
CRAIG WILLIAMS,
ZIGMUND GUTOWSKI,
JOSEPH HORION,
ERIC ARD,
ALLEN CASHMAN,
ADAM HEIDE,
EDURADO SUSTAITA,
JOSE GARCIA,
ERIC ROBERTSON,
BECKY AUSTIN,
JEFFREY BIGGS,
PAULA HORION,
JOSE LIMON,
GERORD THOMAS,
JAIME PARRALES,
TURRELL SANDERS,
EARNEST WARD, JR.,
CHRISTOPHER ZDENEK,
DANNY LLOYD,
DUANE VANDERKAMP,
JOEY BROWN,
MELANIE BROWN,
ORLANDO LEBRON,
CHARLES TANKSLEY,
GARY GRUBBS,
CHRIS BEAUPRE,
RAYNOLD CORNEILLE,

JULIAN LAFRANKS,
ANDRE ELLIS,
BENJAMIN JOHNSON,
ELVRETT LITTLEJOHN,
JESSIE BRAXTON, JR.
JOHNNIE WYNNE,
STEVEN KORTMAN,
TERRY JONES,
DONALD CREASMAN,
ALEXANDER FLANIGAN, and
TIM HOLLINGSORTH,

Plaintiffs,

v.

CONTRACT FREIGHTERS, INC. *a/k/a CFI, a Missouri corporation*,

Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION RE: CFI'S MOTION TO DISMISS [#12] AND PLAINTIFFS' MOTION TO AMEND [#31] AND DENYING MOTION TO INTERVENE AS MOOT**

---

This matter is before the Court on the June 2, 2020 Recommendation by Magistrate Judge S. Kato Crews ("the Recommendation") (Doc. # 42) and Hargis Lewis, Elizabeth Zickmund, and Keith Yates' Motion to Join or Intervene ("Motion to Intervene") (Doc. # 45). In his Recommendation, Judge Crews recommends that the Court grant Defendant's Motion to Dismiss and Compel Individual Arbitrations (Doc. # 12) and deny Plaintiffs' Motion to Amend Complaint (Doc. # 31) as moot. Plaintiffs timely objected to the Recommendation (Doc. # 43), and Defendant filed a response to Plaintiffs' objections (Doc. # 44). For the reasons that follow, Plaintiffs' objections are overruled,

the Recommendation is affirmed and adopted as an order of this Court, and the Motion to Intervene is denied as moot.

## I. BACKGROUND

In the instant case, 48 Plaintiffs have sued Defendant Contract Freighters, Inc. ("CFI") for retaliation and minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The same 48 Plaintiffs previously sued CFI's predecessors-in-interest in *Merrill et al. v. Pathway Leasing LLC*, Civil Action No. 16-cv-02242-KLM ("*Merrill I*") for the same violations of the Fair Labor Standards Act.[1] Defendant moves to dismiss and compel arbitration in this case on the basis that the instant lawsuit is barred by issue preclusion because it is an attempt to relitigate claims that Magistrate Judge Mix dismissed and compelled to individual arbitrations in *Merrill I*.

### A. *MERRILL I*

In *Merrill I*, the instant 48 Plaintiffs filed suit against Matthew Harris, Pathway Leasing LLC, Transforce, Inc., and the predecessors-in-interest to Defendant CFI—i.e., XPO Logistics Truckload, Inc. and Con-Way Truckload Inc. Plaintiffs brought claims against CFI's predecessors-in-interest for failure to pay minimum wage and unlawful retaliation in violation of FLSA, alleging that Defendants misclassified them as independent contractors.

In October 2017, Judge Mix found that Plaintiffs' FLSA claims against CFI's predecessors-in-interest fall within the scope of disputes covered by the arbitration

[1] The Court takes judicial notice of the documents filed and settings held in *Merrill I* pursuant to Federal Rule of Evidence 201. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014); *Winzler v. Toyota Motor Sales U.S.A., Inc*., 681 F.3d 1208, 1212–13 (10th Cir. 2012).

provision ("Arbitration Provision") of the Contractor Hauling Agreement ("Agreement") between Defendant and all Plaintiffs. Judge Mix further found that the $25,000 amount-in-controversy prerequisite in the Arbitration Provision "is procedural in nature and for an arbitrator to decide" and compelled Plaintiffs' claims against Defendant into individual arbitrations "pursuant to the arbitration provision of the Agreement." (*Merrill I* at Doc. # 164) ("Order Compelling Arbitration"). She dismissed Plaintiffs' FLSA claims against the predecessors-in-interest to CFI without prejudice and instructed opt-in Plaintiffs who were also a party to an Agreement with a materially identical arbitration provision to dismiss their claims against those Defendants:

> The Court has no way of knowing at this time whether each of these opt-in Plaintiffs is also a party to an Agreement containing a materially identical arbitration provision. To the extent each opt-in Plaintiff is indeed a party to an Agreement containing a materially identical arbitration provision, the Court anticipates that they will voluntarily dismiss Claim One and Claim Five as to these Defendants in favor of arbitration. However, should the opt-in Plaintiffs proceed to litigate these claims in this lawsuit, Defendants may file a separate motion seeking to compel arbitration for the opt-in Plaintiffs' claims and for sanctions if appropriate.

(*Id.*) Subsequently, 42 opt-in Plaintiffs voluntarily dismissed their claims. (*Merrill I* at Doc. # 169.)

In January 2019, Plaintiffs moved for reconsideration of Judge Mix's previous order on the basis of *New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019). Following seven briefs and oral argument on the matter, Judge Mix denied Plaintiffs' motion in relevant part, ruling that *New Prime* had no effect on the Missouri state law that required arbitration of Plaintiffs' claims under the Agreement and upholding her order compelling Plaintiffs to arbitrate.

Thereafter, Plaintiffs chose not to file any demands for arbitration. Instead, Plaintiffs sought an advisory opinion from the agreed-upon arbitrator by email concerning the $25,000 threshold included in the Arbitration Provision. Plaintiffs wrote:

> . . . only claims between the parties which exceed $25,000 are arbitrable. The court [Judge Mix] ruled this issue is procedural in nature and for the arbitrator to decide. . . . None of my clients are seeking in excess of $25,000 from Defendant. Can you please issue a ruling on whether or not the claims are therefore arbitrable?

Notably, Plaintiffs' request for an advisory opinion rested on representations made by Plaintiffs' counsel, Mr. Crone. Mr. Crone wrote: "Plaintiffs have no desire to spend money and time just for the sake of it. . . . I am representing to you that no individual litigant is demanding in excess of $25,000. Thus, it is Plaintiffs' position that no additional information is needed for you to rule on arbitrability." (Doc. # 43-1.)

Defense counsel opposed such a request on the grounds that the lack of any arbitration demands from Plaintiffs rendered the issue premature:

> It is the respondents' position that Mr. Crone's request for a "ruling" from you on whether or not the claims are arbitrable is both substantively and procedurally premature without having any actual demands for arbitration by any claimants. Once any demands are made pursuant to the arbitration provisions and the Court's prior order compelling the former plaintiffs' claims to individual arbitration . . . then the issue raised by Mr. Crone will be in controversy.

(*Id.*) Additionally, defense counsel suggested that Plaintiffs' counsel's unsubstantiated representation as to the amount in controversy for individual Plaintiffs was questionable, stating: "I will briefly note that plaintiffs' complaint in the underlying lawsuit sought unpaid wages 'in an amount not less than $500,000,' as well as liquidated damages,

attorneys' fees and costs, and interest. Additionally, Plaintiffs' 26(a)(1) damages calculations exceeded $25,000 for many of the plaintiffs." (*Id.*)

Ultimately, the arbitrator agreed that he did not have jurisdiction to address the amount-in-controversy requirement until Plaintiffs filed demands for arbitration. Plaintiffs persisted in not filing individual demands for arbitration. Additionally, Plaintiffs failed to move Judge Mix to reconsider her Order Compelling Arbitration. Instead, Plaintiffs filed this lawsuit.

**B. *MERRILL II***

In the instant case, "*Merrill II*," Plaintiffs assert claims against CFI that are identical to those asserted in *Merrill I*—i.e., failure to pay minimum wage and retaliation in violation of FLSA. (Doc. # 8 at 26–27.) Plaintiffs' counsel conceded during oral argument before Judge Crews that Plaintiffs' claims in *Merrill II* are identical in all material respects to the claims Judge Mix dismissed in *Merrill I*:

> MR. CRONE: . . . I think it's important that the Court understands that Judge Mix ordered a certain number of plaintiffs out of the courtroom [in *Merrill I*] and before the arbitrator. Those plaintiffs went to the arbitrator. . . . And they went to the arbitrator and they said, Arbitrator, we're all--we have all of these claims and, therefore, unpaid wages and every individual plaintiff's claims are not in excess of $25,000. What can we do here? Can you please issue an order saying that this case is not arbitrable or can--you know, and the arbitrator predictably said, unless you demand arbitration--so, in other words, unless you elect arbitration as a dispute resolution method --I can't issue anything to you.
>
> . . . I, disagreed with Judge Mix's order on that, but I said, It's okay, we're going to comply. So all of my clients, we went over to the arbitrator and we gave it a shot; it didn't work. And so now we're back at the courthouse door, saying, Look, it cannot be that an arbitration provision forces us out of any form in order to get a remedy.

[JUDGE CREWS]: Did you -- did you take that up with Judge Mix? Did you file a motion for reconsideration explaining that you attempted to arbitrate, that you ran into a wall, and now you need the Court to reconsider, based on what you've now learned that--the arbitrator's view or the dollar amounts involved with your--with the individual plaintiff's cases?

MR. CRONE: Well, no. We -- my clients chose, instead -- because during the pendency of all of this, the entities--the potential defendant became CFI, they became a new entity, and the case before Judge Mix had progressed already. It had either gotten through trial already or was about to be through trial, and so it just -- it just didn't seem practical to go back and ask her to -- I mean, I don't even really know --

[JUDGE CREWS]: But so, instead you filed this case?

MR. CRONE: Yeah. Yes, because this defendant and these claims are separate and apart. It would have been --

[JUDGE CREWS]: But I think -- I think what I just heard you say -- I think what I just heard you say was that you filed the case with Judge Mix, your clients were ordered to go to arbitration, they did try to go to arbitration, but the arbitrator or somebody decided, well, they're not -- these claims really aren't arbitrable because the arbitration provision is only triggered if the damages sought are in excess of $25,000 and no individual plaintiff is seeking damages in that amount. Then I asked you, Well, did you then take that up to Judge Mix? Did you go back to her and say, Hey, we tried; it turns out they're not really arbitrable, so now we want you to reconsider? You said, No, instead of doing that, we filed this case.

MR. CRONE: That's correct. That's correct, Your Honor.

[JUDGE CREWS]: Which seems to suggest that this is the same case that is before Judge Mix.

MR. CRONE: Well, except that -- except that there are -- there are new plaintiffs involved in this case,[2] now and there are -- and --

[2] Plaintiffs' counsel inaccurately represented in oral argument that there are "new plaintiffs involved in this case." The 48 Plaintiffs named in the Amended Complaint in *Merrill II* were all plaintiffs in *Merrill I*. At the time of the issuance of the Recommendation, Plaintiffs had moved to file a second amended complaint to add the three additional Plaintiffs contemplated during this hearing. Following the filing of the Recommendation, the three putative plaintiffs moved to intervene in this lawsuit.

> [JUDGE CREWS]: So, perhaps but for those three plaintiffs, as to the other 48, I think you've just conceded this is the same case that is in front of Judge Mix.
>
> MR. CRONE: Well, yes, insofar as it was the case that was in front of Judge Mix, but that case -- that case changed because when XPO Logistics left the courtroom on the arbitration provision, that case went to trial against defendants Pathway Leasing and Matthew Harris only, and so then that case went all the way through trial, closing arguments done. It's really hard, then -- it seemed -- it seemed highly impractical to go ask Judge Mix, Well, hold on, let's -- let's bring these people back and let's stop that case, let's have another trial again, you know.

(Doc. # 34 at 25–28.)

Plaintiffs' counsel reiterated that the choice to file the instant lawsuit was motivated by the perceived impracticality of returning to Judge Mix and that the parties to both lawsuits are identical:

> [JUDGE CREWS]: Okay. And at that point, [following the developments with the arbitrator,] there was an option for those plaintiffs to go back to Judge Mix and say, Hey, I know you said -- you ordered us to arbitrate. We tried, in good faith, based on your order. It turns out, whatever the reasons are, we can't do it so we need you to reconsider or we need some guidance from the Court as to what now the effect is based on your order to arbitrate because we can't arbitrate. That was an option, right?
>
> MR. CRONE: That was an option that seemed highly impractical.
>
> [JUDGE CREWS]: Okay. And you didn't do that option, right?
>
> MR. CRONE: No, no.
>
> [JUDGE CREWS]: Instead, those same plaintiffs filed this lawsuit, right?
>
> MR. CRONE: Yes, plus three more now. That's correct.
>
> [JUDGE CREWS]: Okay, but I'm focused on the 48[. . .]
> The 48 filed this lawsuit, correct?
>
> MR. CRONE: That's correct.

> [JUDGE CREWS]: Against a -- some sort of successor to XPO and Con-Way, correct?
>
> MR. CRONE: Correct.
>
> [JUDGE CREWS]: Which, again, sounds like a concession from you that this is the same case -- but for the three plaintiffs that you're trying to add, it's the same case.

(Doc. # 34 at 28–30.)

* * *

> MR. CRONE: . . . And so -- so plaintiffs went to that arbitrator with Judge Mix's order in hand in an attempt to comply as best as they could with that order. I mean, we tried, we tried, and there's just no way to make it work.
>
> [JUDGE CREWS]: Okay. . . . My concern is, if you determine you're between a rock and a hard place based on an order that Judge Mix issued, it seems the proper course is to go back to Judge Mix with that issue; but what you've said you did is you filed a new case, which is this case, and that's why we're now at the issue of -- that's why we are where we are, because it appears to be the same case that has already been decided by Judge Mix and now it's in front of different judicial officers trying to resolve the same issues where it appears as this has, perhaps, already been decided.
>
> MR. CRONE: Yeah. And where I would take issue with the Court's characterization is that there is no one proper course. So there were multiple proper courses and plaintiffs picked the most proper course, in their view , at the time they refiled. And so there isn't some rule of law or sort of, you know, legal mandate that says you must take one course over the other.
>
> So then – but otherwise, yeah, I think-- I think the Court's characterization is correct.

(Doc. # 34 at 37–38.) Plaintiffs timely filed their Objections to Magistrate Judge Recommendations re: CFI's Motion to Dismiss [#12] and Plaintiffs' Motion to Amend Complaint [#31] ("Objections") on June 16, 2020. (Doc. # 44.) Defendant filed its Response to Plaintiffs' Objections to Magistrate Judge Recommendations re: CFI's Motion to Dismiss [#12] and Plaintiffs' Motion to Amend [#31] ("Response") on June 30,

2020. (Doc. # 44.) Following the issuance of the Recommendation, Plaintiffs filed the Motion to Intervene. (Doc. # 45.)

## II. LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

## III. DISCUSSION

Plaintiffs object to the Recommendation on three grounds. First, they argue that fairness demands rejecting the Recommendation because Judge Crews implied he would decide Plaintiffs' Motion to Amend before deciding Defendant's Motion to Dismiss and Plaintiffs did not respond to the Motion to Dismiss. Second, they argue that *Merrill I*

and *Merrill II* do not involve identical issues, so Judge Crews improperly concluded that issue preclusion applies in the instant case. Third, Plaintiffs argue that Judge Crews improperly concluded that the Motion to Amend should be denied as moot because he relied on the flawed premise that *Merrill II* is issue precluded. The Court addresses and overrules Plaintiffs' objections in turn.

First, the Court addresses Plaintiffs' argument that Judge Crews improperly decided the instant Motion to Dismiss before Plaintiffs filed a response to the Motion. Pursuant to D.C.COLO.LCivR 7.1(d), a judicial officer may rule on a motion "at any time after it is filed." *See, e.g.*, *Banks v. Katzenmeyer*, No. 13-CV-02599-KLM, 2015 WL 4467373, at *1 (D. Colo. July 22, 2015) (ruling on motion without response pursuant to D.C.COLO.LCivR 7.1(d)); *Carbajal v. St. Anthony Cent. Hosp.*, No. 12-CV-02257-REB-KLM, 2015 WL 1499864, at *1 (D. Colo. Mar. 27, 2015) (citing D.C.COLO.LCivR 7.1(d)) (rejecting movant's argument that the magistrate judge erred by ruling on his motion without awaiting a reply because "the Local Rules of Practice of the United States District Court for the District of Colorado vest [magistrate judges] with discretion in deciding when to rule on a motion."). Further, pursuant to Fed. R. Civ. P. 1, a judicial officer should construe, administer, and employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." As such, Judge Crews had the discretion to rule on the instant motions in whatever order he saw fit.[3]

[3] Additionally, the Court is unmoved by Plaintiffs' fairness argument. Seven months passed between the filing of the instant Motion to Dismiss and the issuance of the Recommendation. At no point in that seven-month period did Plaintiffs seek clarification of the briefing schedule on the Motion to Dismiss or move for an extension of time to file a response. Plaintiffs chose to

## A. ISSUE PRECLUSION

### 1. Applicable Law

The doctrine of issue preclusion "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1136 (10th Cir. 2004) (citations omitted). The doctrine is designed to prevent parties from wasting litigants' resources and adjudicators' time and to discourage "parties who lose before one tribunal to shop around for another*." See B & B Hardware, Inc. v. Hargis Indus., Inc*., 135 S. Ct. 1293, 1298–99 (2015). Federal law applies to questions of issue preclusion involving prior federal judgments, with limited exceptions that are absent in the instant case. *Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1332 (10th Cir. 1988) (adopting Restatement of Judgments (Second), § 87 (1982)); *Murdock v. Ute Indian Tribe of Uintah & Ouray Resv.,* 975 F.2d 683, 687 (10th Cir. 1992).

> Issue preclusion applies when the following four elements are satisfied:
>
> (1) the issue previously decided is identical [to] the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* (quoting *In Re Lombard,* 739 F.2d 499, 502 (10th Cir. 1984)).

---

respond to the Motion to Dismiss with a Motion to Amend, and Judge Crews exercised his discretion to resolve those motions in the order he deemed wisest under the circumstances.

Issue preclusion applies equally to jurisdictional dismissals. *Park Lake*, 378 F.3d at 1136. In particular, “dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question.” *Id.* (holding claims were precluded because the court had already decided they were not ripe, and it therefore lacked jurisdiction). When the issue of a court’s jurisdiction was raised in a previous action, “there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of issue preclusion.” *Id.* (citing Restatement (Second) of Judgments § 12 cmt. c. at 119). Thus, issue preclusion “prevents a party from relitigating a jurisdictional question when the party had a full and fair opportunity to litigate the matter in the prior case and the party is reasserting an identical jurisdictional claim.” *Cory v. Fahlstrom*, 143 F. App’x 84, 87 (10th Cir. 2005) (unpublished) (dismissing certain of the plaintiff’s claims against the defendants because the district court had already concluded it did not have subject matter jurisdiction over them).

2. Analysis

Judge Crews found that all four elements of issue preclusion are satisfied in the instant case and concluded that Plaintiffs’ claims are precluded on that basis. Plaintiffs specifically object to Judge Crews’s findings and conclusions as to the first element of issue preclusion—i.e., that the issue previously decided is identical to the one presented in this action.[4]

[4] The Court notes that Plaintiffs properly object to Judge Crews’s findings and conclusions on the first element of issue preclusion only. Plaintiffs do not specifically object to Judge Crews’s findings or conclusions on the remaining three elements of issue preclusion and concede as much in their Objections: “Plaintiffs also highlight that while this briefing argues with specificity that the first element of issue preclusion is not met because the issues are not identical between this case and *Merrill I*, it necessarily follows that none of the remaining elements of issue

The Court finds that the issues presented in *Merrill II* are identical to the issues presented in *Merrill I*. The complaints in *Merrill I* and *Merrill II* are identical in all material respects, asserting the same FLSA claims for unlawful retaliation and minimum wage violations. *Compare* (Doc. # 8) *with* (*Merrill I* at Doc. # 82). The same 48 Plaintiffs who filed *Merrill II* were ordered to dismiss their claims in *Merrill I*. It is undisputed that CFI is the successor-in-interest to the two defendants in *Merrill I* who succeed in compelling Plaintiffs to arbitrate. CFI assumed the Agreements that govern the parties' relationships in both cases, so the Agreements' Arbitration Provision applies in both *Merrill I* and *Merrill II*. Lastly, the threshold question posed by both cases is the same—does the Arbitration Provision of the Agreements between Plaintiffs and Defendant require arbitration of Plaintiffs' FLSA claims?[5] Therefore, the cases concern identical issues for the purpose of issue preclusion.[6]

---

preclusion are met." (Doc. # 43 at 16.) An objection is properly made if it is both timely and **specific**, *One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d at 1059, and the district court may review a magistrate judge's recommendation under any standard it deems appropriate in the absence of a proper objection, *Summers*, 927 F.2d at 1167. After reviewing the Recommendation with respect to those findings and conclusions, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation's findings and conclusions regarding the second, third, and fourth elements of issue preclusion.

[5] Judge Mix considered the applicability of the Agreement to Plaintiffs' FLSA claims at length in *Merrill I*—first upon Defendants' Motion to Dismiss and Compel Arbitration, which Judge Mix granted, and second upon Plaintiffs' Motion for Reconsideration following the Supreme Court's decision in *New Prime*, 139 S. Ct. 532.

[6] As Defendant notes, this conclusion is supported by Plaintiffs' counsel's acknowledgment before Judge Crews and in Plaintiffs' Objections that Plaintiffs could have filed a Motion for Reconsideration in *Merrill I* in lieu of filing *Merrill II*. (Doc. # 44 at 9.)

Plaintiffs attempt to distinguish the issues in *Merrill I* and *Merrill II* on the grounds that "Plaintiffs have now complied with Judge Mix's order compelling arbitration and are back in this Court seeking to litigate the remaining issues in this case." (Doc. # 43 at 13–14.) Plaintiffs characterize the relevant issue in *Merrill II* as "whether Plaintiffs may maintain their instant lawsuit after compliance with Judge Mix's order." (*Id.*) [7] Yet, it appears to the Court that Plaintiffs are—in all relevant respects—in the same position now as they were when Judge Mix ordered them to arbitrate. Plaintiffs concede that they have not filed any demands for arbitration. Nor have they received a formal ruling from an arbitrator. Instead, Plaintiffs' "full compliance" with Judge Mix's Order Compelling Arbitration consisted of a request for an improper advisory opinion from the arbitrator. *See FedEx Ground Package Sys., Inc. v. Vic Jackson Transp., Inc*., No. 12-2228-JWL, 2012 WL 2953218, at *2 (D. Kan. July 19, 2012) (referring to the possibility of an arbitrator issuing an advisory opinion as "impermissible"). As such, the Court rejects Plaintiffs' argument that their purported compliance with Judge Mix's order distinguishes the issues in *Merrill I* from *Merrill II*.

Second, the Court agrees with Judge Crews that the instant case raises concerns of forum shopping and that the policies behind issue preclusion are furthered by precluding Plaintiffs from picking and choosing which judicial officers hear their case.

---

[7] To the extent Plaintiffs rely on the representations of counsel to argue that the amount-in-controversy requirement of the Arbitration Provision is not met and, therefore, Plaintiffs' claims are not arbitrable pursuant to the Agreement, this is precisely the kind of argument that Plaintiffs had a full and fair opportunity to litigate in front of Judge Mix. *See, e.g.*, (*id.*) ("Plaintiffs fully complied with Judge Mix's order, indeed they went above and beyond the requirements of the order by seeking an arbitrability ruling from an arbitrator not empowered by the agreement to even *receive* a demand for less than $25,000.").

Plaintiffs have stated that they disagreed with Judge Mix's Order Compelling Arbitration. *See* (Doc. # 34 at 26) ("I, disagreed with Judge Mix's order on that, but I said, It's okay, we're going to comply."). Plaintiffs have stated that they chose to refile this action because returning to Judge Mix seemed "highly impractical." *See* (*id.* at 28) ("it seemed highly impractical to go ask Judge Mix, Well, hold on, let's -- let's bring these people back and let's stop that case, let's have another trial again, you know."); (*id.*) ("That was an option that seemed highly impractical."). Plaintiffs also stated that they chose not to move Judge Mix to reconsider her previous order because they believed it would take her a long time to address Plaintiffs' motion. (Doc. # 43 at 17) ("And the alternative path: filing a motion to reconsider in a case where trial had already concluded, seemed fraught with practical concerns not the least of which is that the motion could have remained fully briefed and without decision for a long period of time."). Plaintiffs' statements indicate to this Court that they have chosen to refile this case in order to draw a different judge to review their claims, which is unacceptable. *See Smith v. Mt. Sinai Hospital*, No. 84 Civ. 9111–CSH, 1985 WL 561, at *2 (S.D.N.Y. Apr. 22, 1985), *aff'd*, 857 F.2d 1461 (2d Cir. 1987) (finding appearance of judge shopping in dismissal and refiling of the plaintiff's complaint after the plaintiff expressed that she did not want to "deal" with and "wanted to get away from" the first assigned judge). Such conduct reinforces the role of issue preclusion in preventing parties from wasting litigants' resources and adjudicators' time and in discouraging parties who lose to shop around for a different tribunal*. See B & B Hardware*, 135 S. Ct. at 1298–99.

## B. MOTIONS TO AMEND AND INTERVENE

Lastly, Plaintiffs assert that Judge Crews erred in concluding that Plaintiffs' Motion to Amend is moot. However, Plaintiffs' objection relies on the Court agreeing with the premise that issue preclusion does not apply in the instant case. As the Court has agreed with Judge Crews that issue preclusion applies and this case should be dismissed, the Court overrules Plaintiffs' objection. As Judge Crews concluded: "if issue preclusion applies to bar Plaintiffs from maintaining this action because Judge Mix compelled them to arbitration, then it follows that they have no basis upon which to amend a complaint they are barred from asserting in the first place." (Doc. # 42 at 16.)[8]

Further, the Court finds that the Motion to Intervene must also be denied as moot. Judge Mix compelled Plaintiffs' claims against Defendant to individual arbitrations, and Judge Crews recommended dismissal of the instant action on that basis. As such, there is no live case in which the intervenors can intervene. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp*., 356 F.3d 1256, 1267 (10th Cir. 2004) (finding a motion to intervene was moot because the parties had been ordered to submit to arbitration and "there no longer remains any further court proceeding in which [the proposed intervenor] can intervene to raise a substantive challenge"); *see also Power Dev. Co., LLC v. Colorado Pub. Utilities Comm'n*, No. 17-

[8] Even if the Court were to review the Motion to Amend on the merits, Plaintiffs would not prevail. Plaintiffs' proposed second amended complaint continues to assert claims against Defendant that Judge Mix previously compelled to arbitration. Further, the three putative plaintiffs are bound to the same Agreement as the existing 48 Plaintiffs. Judge Mix's determination that the FLSA claims at issue fall within the scope of the Arbitration Provision would lead to dismissal of the putative plaintiffs' claims as well.

CV-00683-CMA-NYW, 2017 WL 2438992, at *6 (D. Colo. June 6, 2017) (denying a motion to intervene as moot in light of the magistrate judge's recommendation that the case be dismissed). Accordingly, the Motion to Intervene is denied as moot.[9]

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the June 2, 2020 Magistrate Judge's Recommendation re: CFI's Motion to Dismiss [#12] and Plaintiffs' Motion to Amend [#31] (Doc. # 42) is AFFIRMED and ADOPTED as an Order of this Court;
- Defendant's Motion to Dismiss and Compel Individual Arbitrations (Doc. # 12) is GRANTED;
- the instant complaint is hereby DISMISSED WITHOUT PREJUDICE;[10]
- Plaintiffs' Motion to Amend Complaint (Doc. # 31) is DENIED AS MOOT;
- Hargis Lewis, Elizabeth Zickmund, and Keith Yates' Motion to Join or Intervene (Doc. # 45) is DENIED AS MOOT; and

[9] As a general matter, the Court cautions Plaintiffs' counsel against filing motions to amend or motions to intervene in an attempt to differentiate the parties to otherwise identical actions for the purpose of evading preclusion.

[10] Judge Crews recommended that the instant case be dismissed with prejudice. As Judge Mix dismissed Plaintiffs' claims against Defendant in *Merrill I* instead of retaining jurisdiction over Plaintiffs' claims pending arbitration, the Court must allow Plaintiffs the chance to refile this action after they have complied with Judge Mix's order. Dismissal with prejudice would prohibit Plaintiffs from refiling even if the arbitrator formally rules that he does not have jurisdiction over Plaintiffs' claims because of the amount-in-controversy requirement. Therefore, the Court dismisses Plaintiffs' claims without prejudice but with the admonition that if Plaintiffs refile this action in violation of Judge Mix's order in *Merrill et al. v. Pathway Leasing LLC*, Civil Action No. 16-cv-02242-KLM, they may face sanctions. If Plaintiffs refile the instant action and Judge Mix is not randomly drawn to that case, the parties are directed to file a motion for the case to be reassigned to Judge Mix.

- Defendant's Motion for Sanctions (Doc. # 15) shall remain pending.

DATED: August 4, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge