**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02309-CMA-SKC

FRANKLIN MERRILL, et al.,

Plaintiffs,

v.

CONTRACT FREIGHTERS, INC., a/k/a CFI, a Missouri
corporation registered to conduct business in Colorado,

Defendant.

---

## ORDER RE: MOTION FOR ATTORNEY FEES [#64]

---

On October 28, 2019, Defendant filed its Motion to Dismiss, which was referred to this Court by the District Judge [#24.][1] The next day, October 29, 2019, Defendant filed its Motion for Sanctions [#15],[2] which was also referred to this Court by the District Judge [#25.] Counsel for the parties made oral arguments bearing on these motions during the December 3, 2019 Scheduling Conference [#27 (minutes); #34 (transcript of the Scheduling Conference).] On June 2, 2020, this Court issued a Recommendation that the Motion to Dismiss be granted based on issue preclusion, and the case remain open for the limited purpose of ruling on the Motion for

---

[1] The Court uses "[#__]" to refer to entries from the CM/ECF electronic docket.
[2] Defendant sought sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

Sanctions. [#42.] District Judge Arguello adopted the Recommendation in an Order dated August 4, 2020, granting the Motion to Dismiss, dismissing the Complaint without prejudice, and ordering the Motion for Sanctions "shall remain pending." [#50, pp.18-19.]

On September 14, 2020, this Court issued an Order granting the Motion for Sanctions and ordering John R. Crone (Plaintiffs' counsel) and his law firm pay Defendant's reasonable attorney's fees incurred in preparing and filing the Motion for Sanctions, the Motion to Dismiss, and the reply pleadings supporting these motions.[3] [#62.] The Court further Ordered Defendant to file an affidavit of fees and

---

[3] Citing noncontrolling authority from the Sixth Circuit, Mr. Crone argues the undersigned, as a magistrate judge, "never possessed, and currently does not possess, the authority to sanction [Mr. Crone]." [#67, p.2 (citing *Bennett v. General Caster Serv. Of N. Gordon Co., Inc.*, 976 F.2d 995, 998 (6th Cir. 1992).] But in the Tenth Circuit, when the penalty imposed is a non-dispositive sanction, the sanctioning authority of the magistrate judge falls under Fed. R. Civ. P. 72(a). *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Because the magistrate judge here refused to impose a dispositive sanction, the district court correctly reviewed the ruling under Rule 72(a)."); *U.S. ex rel. Jimenez v. Health Net, Inc.*, No. 99-cv-01259-EWN-MJW, 2005 WL 2002435, at *4 (D. Colo. Aug. 19, 2005) ("The motion before the magistrate judge asked for rule 11 sanctions against plaintiffs and their attorneys who filed the lawsuit. In the court's view, this should be viewed as a non-dispositive motion, since it does not have the effect of resolving a claim in the litigation or dropping a party in the litigation.") (citing cases); *see also Lundahl v. Halabi*, 600 F. App'x. 596, 605–06 (10th Cir. 2014) (district courts retain inherent authority to issue orders on matters collateral to the merits and impose sanctions for abusive conduct). Moreover, here, Judge Arguello ruled on the dispositive issue when she adopted the undersigned's Recommendation to grant the motion to dismiss, leaving open only the non-dispositive matter of monetary sanctions, which she referred to the undersigned. Thus, Mr. Crone's reliance on out-of-circuit authority is to no avail.

costs in accord with D.C.COLO.LCivR 54.3.[4] Defendant filed its Motion for Attorney

Fees (including an affidavit in support of the attorney's fees award) seeking

$26,200.50 in fees, and $0 in costs. [#64.] Mr. Crone filed a Response in opposition

[#67.] Having reviewed these pleadings, applicable case law, and entries from the

docket, no hearing is necessary. For the reasons explained below, the Court orders a

fee award of $24,422.00.

## A. LEGAL PRINCIPLES

---

[4] Because the Court ordered Defendant's filing of an affidavit regarding the fee request *after* granting the Motion for Sanctions, Mr. Crone argues the Court's action was in contravention of D.C.COLO.LCivR 54.3, which states: "Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit." Mr. Crone argues the Court's failure to require the affidavit simultaneous with the filing of the Motion for Sanctions is "but one additional example of the Court's disparate and unfair treatment of Plaintiffs and their counsel as related to Defendant and its counsel." [#67, n.1.] His bitterness aside, first, Mr. Crone's argument ignores the fact the affidavit requirement under Local Rule 54.3 applies only "[u]nless otherwise ordered." This Court ordered otherwise after first determining sanctions were due. *See Graymore, LLC v. Gray*, No. 06-cv-00638-EWN-CBS, 2007 WL 4062706, at *6 (D. Colo. Nov. 15, 2007) ("I find Defendant's failure to support his request for fees as a sanction with an affidavit and detailed description of the basis for the fees does not render the motion unviable. Of course, the court would require such information to calculate any fees owed, but it does not need the information to determine whether sanctions are due.") Second, Defendant filed a motion for sanctions, not a motion for attorney fees—the Local Rule has been interpreted to apply only to motions for attorney fees. *Id.* ("Local Rule 54.3 plainly states that it applies to 'motion[s] for attorney fees,' rather than motions for sanctions.") And third, courts in this district customarily order the filing of fee affidavits only *after* awarding fees as a sanction. *See id.*; *see also O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-cv-03747-NRN, 2021 WL 3400671, at *32 (D. Colo. Aug. 3, 2021); *Ultegra Fin. Partners, Inc. v. Marzolf*, No. 19-cv-00038-MSK-MEH, 2020 WL 1036045, at *1 (D. Colo. Mar. 3, 2020); *Carlson v. Town of Mountain Vill.*, Colorado, No. 17-cv-02887-PAB-STV, 2019 WL 5819971, at *8 (D. Colo. Nov. 7, 2019); *Johnson v. Sch. Dist. No. 1 in the Cty. of Denver*, No. 12-cv-02950-MSK-MEH, 2014 WL 983521, at *6 (D. Colo. Mar. 13, 2014); *F.T.C. v. Dalbey,* No. 11-cv-01396-RBJ-KLM, 2012 WL 415423, at *1 (D. Colo. Feb. 9, 2012).

1.     **The Lodestar Amount**

Once a party has established their entitlement to fees, the district court must determine a reasonable fee. *Beard v. Teska*, 31 F.3d 942, 955 (10th Cir. 1994), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). To determine a reasonable fee award, the court generally begins by calculating the "lodestar amount." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This amount includes the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. The party seeking the fee award must demonstrate the award is reasonable. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). "The district court has a corresponding obligation to exclude hours not reasonably expended from the calculation." *Id.* (quoting *Hensley*, 461 U.S. at 434) (internal quotation marks omitted).

When requesting a fee award, the attorney must exercise the same "billing judgment" as would be proper in setting fees for a paying client. *Hensley*, 461 U.S. at 434. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case v. Unified Sch. Dist. No. 223,* 157 F.3d 1243, 1250 (10th Cir. 1998) (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *disapproved on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from a fee request. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1204 (10th Cir. 1986) (citation omitted). "A court should also consider

whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp.3d 1058, 1082 (D. Colo. 2015) (citing *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005)).

Additionally, tasks that are easily delegable to non-professionals or less experienced associates should not be billed at a higher hourly rate. *N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 835 (10th Cir. 1996); *see also Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) ("Nor do we approve the wasteful use of highly skilled and highly priced talent for matters easily delegable … Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates."); *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp.2d 1238, 1258-59 (D. Colo. 2013) (reducing partner fees by 10% after finding there was an "over-reliance on partners, rather than lower-cost associates, to prepare many aspects of the case" that was "not justified by the complexity of the case").

## B. ANALYSIS

### 1.    Reasonable Time Expended

The Court first determines the number of hours reasonably expended by counsel. The burden of proof lies with the movant. *Hensley*, 461 U.S. at 433. The movant should submit "meticulous, contemporaneous time records that reveal, for

each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250 (citing *Ramos*, 713 F.2d at 553). The Court looks to those hours necessary under the circumstances and approaches this reasonableness inquiry "'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients . . . .'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos*, 713 F.2d at 555).

Regarding the Motion for Sanctions, Ms. Muhleisen's supporting affidavit indicates a total of 26.1 hours, consisting of 16.7 hours on the motion, and 9.4 hours on the reply in support of the motion.[5] Regarding the Motion to Dismiss, the hours total 41.5, with 31.7 hours spent on the motion, and 9.8 hours spent on Defendant's response to Plaintiffs' objections to the magistrate judge's Recommendation to grant the Motion to Dismiss.

---

[5] No response opposing the Motion for Sanctions was filed by the November 18, 2019 deadline. Instead, and without seeking leave of court, Mr. Crone filed a response opposing the Motion for Sanctions on August 7, 2020 [#52] – 263 days past the deadline, and after this Court's June 2, 2020 Recommendation [#42] to grant Defendant's Motion to Dismiss, and after Judge Arguello's August 4, 2020 Order adopting the Recommendation. Prior to determining whether it would accept Plaintiffs' untimely responsive pleading, the Court issued a Minute Order ordering the filing of a Reply based on Plaintiffs' filing of the responsive pleading. When granting the Motion for Sanctions, the Court struck Plaintiffs' responsive pleading for failure to seek leave of court prior to filing it, and struck Defendant's reply as moot. However, in a footnote, the Court advised the parties its "order here striking the responsive pleading does not negate an award of fees concerning Defendant's preparation and filing of the Reply." [#62, n.8.]

After reviewing each specific billing entry for the work done by the attorneys, the Court finds the time expended to be reasonable.[6] *Wyles v. Aluminaid Int'l, A.G.*, No. 15-cv-00393-CMA-KMT, 2016 WL 300845, at *4 (D. Colo. Jan. 25, 2016) ("The Court reviewed the billing records and finds that the time devoted to discrete tasks does not appear unreasonable, nor are the hours disproportionate to the experience of the attorneys . . . that billed hours in this case[;]" "The hours billed by the attorneys were for tasks that could not be delegated to a non-professional, including legal research, communications with the client and with opposing counsel, and drafting and editing briefings.") (footnote omitted). And, under the circumstances of this case, the Court does not find the fact that Ms. Muhleisen billed the most hours on each motion to indicate a lack of billing judgment. *Hayes v. SkyWest Airlines, Inc.*, No. 15-CV-02015-REB-NYW, 2018 WL 10884337, at *3 (D. Colo. July 2, 2018) ("While Mr. Maxon billed significantly more hours than the other two attorneys combined, this circumstance does not demonstrate a lack of billing judgment in this particular instance.") (footnote omitted).

With the exception of the billing entry for Ms. Muhleisen dated 09/30/2019, the billing records do not reflect hours that were "excessive, redundant, or otherwise unnecessary" to preparation of these pleadings. *Mares,* 801 F.2d at 1204. The Court

---

[6] The Court notes Ms. Wallach's total time (5.3 hours) regarding the Motion for Sanctions appears to have been spent only on the Reply. Mr. Smith's time was limited to a total of 2.2 hours on the Motion for Sanctions, and 2.4 hours on the Motion to Dismiss.

finds the amount of time spent on the discreet tasks detailed in the billing records to be reasonable in light of the relative complexity presented by Plaintiffs' having filed dual lawsuits; Mr. Crone's ongoing insistence that the two lawsuits were different, or he had complied with Judge Mix's order, or that the present lawsuit was properly filed;[7] and Defendant's strategies for addressing those circumstances, and the responses necessitated by Plaintiffs' maneuvering in their unsuccessful and ongoing efforts to distinguish their two legal actions. *See Villanueva,* 77 F. Supp.3d at 1082 (citing *Praseuth,* 406 F.3d at 1257).

### 2.    Reasonable Rate

"[T]he second half of calculating an appropriate fee award is multiplying the hours by a reasonable rate." *Malloy,* 73 F.3d at 1018.  A reasonable rate is defined as "the prevailing market rate in the relevant community for an attorney of similar experience." *BIAX Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2013 WL 4051908, at *6 (D. Colo. Aug. 12, 2013). The movant bears the burden of establishing the rates are reasonable. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). A reasonable rate generally depends on "what lawyers of comparable skill and experience practicing in the area [and community] in which the litigation occurs would charge for their time." *Ramos*, 713 F.2d at 555.

---

[7] *See, for example*, Plaintiffs' Amended Complaint [#8]; Plaintiffs' Second Notice of Related Case [#14]; Plaintiff's Second Amended Complaint [#17] stricken by the Court [#18]; Mr. Crone's arguments during the December 3, 2019 Scheduling Conference [#34 (transcript)]; and the respective briefing and orders on the Motion for Sanctions and Motion to Dismiss.

In this case, three attorneys from the Denver office of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., performed work on the Motion for Sanctions and Motion to Dismiss: (1) Ms. Muhleisen—the attorney primarily responsible for defending this case; has practiced law for about 10 years; focuses entirely on employment litigation; hourly rates of $420 (Of Counsel rate prior to 01/01/2020) and $435 (rate once promoted to Shareholder on 01/01/2020); (2) Mr. Smith—senior and former managing Shareholder; licensed in Colorado and Alabama;[8] hourly rate of $460; and (3) Ms. Wallach—associate attorney practicing for five years and specializing in employment law; hourly rate of $335 later increased to $380.

In support of the reasonableness of these hourly rates, Defendant offers nothing beyond Ms. Muhleisen's opinion that these rates are reasonable. Mr. Crone, on the other hand, relies on the 2017 Economics of Law Survey prepared by the Colorado Bar Association (CBA Survey) to argue the median hourly rates reflected in that survey should apply. This would include a median hourly rate of $295 for management-side employment attorneys.

Considering Ms. Muhleisen's law firm is a large national firm, the Court does not find the CBA Survey persuasive for this case, in part for reasons other courts in this District have rejected it. *See Hayes,* 2018 WL 10884337, at *2 ("I am not

---

[8] Ms. Muhleisen did not attest to Mr. Smith's years of practice. The Court takes judicial notice of the Colorado Supreme Court, Office of Attorney Regulation Counsel record indicating Mr. Smith has been licensed in Colorado since 05/17/2010, and the Alabama State Bar membership data indicating Mr. Smith was admitted to that bar on 09/30/2005.

persuaded that this amalgamation [the CBA Survey] of the hourly rates of attorneys across all levels of experience and all areas of practice is an appropriate benchmark for this case."); *Stroup v. United Airlines*, 15-cv-01389-WYD-STV, 2018 WL 10613861, at *7, (D. Colo. Dec. 5, 2018) ("After carefully reviewing the CBA Survey, I am dubious as to its validity and overall value to the case at hand[;]" "[A]pproximately 94% of attorneys who were sent the survey did not respond, and particularly relevant to this case, only ten employment attorneys responded to the survey while zero civil rights attorneys responded.")

Under the circumstances of this case, the Court finds the 2019, 47th Annual Survey of Law Firm Economics prepared by ALM Intelligence and The National Law Journal ("NLJ Survey") more reflective of hourly rates for large national law firms in Denver, like Defendant's counsel. The NLJ Survey indicates, as of January 1, 2019, equity partners in the Mountain region in the ninth decile of survey respondents charged $650 as their billable hourly rate; the upper quartile of equity partners at firms of over 150 lawyers bills $685 per hour, and the ninth decile bills $775; and those with eight to 10 years of experience bill $500 in the ninth decile, while those with four to five years of experience in the ninth decile bill $330 an hour.

These hourly rates from the NLJ Survey are generally consistent with rates previously awarded in this District in employment litigation or analogous matters. *See Restore Life USA, Inc. v. Life News.com*, No. 1:18-cv-02472-DDD-MEH, 2020 WL 5221766, at *2 (D. Colo. Aug. 17, 2020) (approving rates of $425 an hour for partner

in a national law firm with 14 years of experience and $205-250 for associates at the same national firm in prosecuting a sanctions motion); *Waller v. Lovingier*, No. 14-cv-02109-WYD-NYW, 2017 WL 11545516, at *5 (D. Colo. Dec. 5, 2017) (approving rates of $450 per hour for lead counsel); *White v. Chafin*, No. 13-cv-01761-CMA-MJW, 2016 WL 9735066, at *4 (D. Colo. Sept. 23, 2016) (approving rates of $500 per hour for lead counsel and $275-$450 per hour for co-counsel); *Ebonie S. v. Pueblo School District 60*, No. 09-cv-0858-WJM-MEH, 2016 WL 1110442, at *3 (D. Colo. March 22, 2016) (approving rates of $260-$475 per hour for attorneys with varying years of experience); *Martinez v. Valdez*, 125 F. Supp.3d 1190, 1212 (D. Colo. 2015) (approving rates of $300-$500 per hour for counsel); *Barnett v. Bd. of County Commissioners of Montrose*, No. 14-cv-01765-JAP-GPG, 2015 WL 13614118, at *5 (D. Colo. Dec. 14, 2015) (approving rates of $400 per hour for lead counsel with 9 years of experience and $300 per hour for two attorneys with 7 years' experience).

Considering the NLJ Survey data, prior decisions from this District, and based on the undersigned's combined over 20 years of law practice and judicial experience, the Court finds the attorney hourly rates sought by defense counsel are reasonable for lawyers of comparable skill and experience practicing in this District.

But the Court does not award fees for the paralegals and support staff. Local Rule 54.3 is specific in requiring a summary of relevant qualifications and experience "for each person for whom fees are claimed[.]" D.C.COLO.LCivR 54.3(b). Ms. Muhleisen's supporting affidavit fails to summarize the relevant qualifications and

experience for the paralegals and support staff included in the fee request. While this failure is not fatal in some jurisdictions, the Court finds it fatal here based on the requirements of this District's local rules. *See Villanueva,* 77 F. Supp.3d at 1081–82 (adopting recommendation of magistrate judge denying an award including paralegal fees because counsel failed to explain qualifications and experience of paralegals in derogation of Local Rule 54.3). Therefore, the Court strikes the claimed hours and fees associated with paralegals and support staff.

3.      **The Lodestar Amount**

Based on the above, the Court calculates the lodestar amount as follows:[9]

| The Work | Reasonable Hours | Reasonable Fee |
|---|---|---|
| Motion for Sanctions and Reply | 23.80 hours | $9,950.00 |
| Motion to Dismiss and Objection Response | 35.40 hours | $14,472.00 |
| **TOTAL** | **59.40 hours** | **$24,422.00** |

\*      \*      \*

Based on the above, it is ORDERED that the Motion for Attorney Fees [#64 (Notice of Filing Affidavit in Support of Defendant Contract Freighters, Inc.'s Award of Attorney Fees)] is GRANTED IN PART and DENIED IN PART as noted above. FURTHER ORDERED Defendant Contract Freighters, Inc. is awarded reasonable

---

[9] Because the Court finds the attorney hours and hourly rates are reasonable, the Court arrived at the hour and fee totals in the chart by striking the paralegal and support staff hours and fees from the billing entries, and Ms. Muhleisen's entry dated 09/30/2019, and adding the remaining hours and fees for the attorneys.

attorneys' fees in the amount of $24,422.00 against John R. Crone and The Law Office of John R. Crone.

In the Response to the Motion for Sanctions that was stricken by the Court, Mr. Crone argues, in part, he is "not a wealthy attorney" and his firstborn was on the way (due in January 2020). He further claims defense counsel is "seeking to ruin [his] career, reputation, and ability to support [his] family." The Court is not unsympathetic to the potential impact of this Order on counsel. But the Court cannot allow obdurate conduct by counsel to go unaddressed; particularly where, as here, counsel had options and opportunities to correct his course, but nevertheless, he persisted. *See Snyder v. ACORD Corp.*, No. 1:14-CV-01736-JLK, 2019 WL 319407, at *11 (D. Colo. Jan. 24, 2019), *aff'd*, 811 F. App'x 447 (10th Cir. 2020) ("I cannot ignore, however, the obstinate pattern of behavior exhibited by Mr. Hernandez nor his and the plaintiffs' complete disregard for the consequences of that behavior. This ship could have been abandoned at many points along the way, but it was not. Plaintiffs, with Mr. Hernandez at the helm, have forced Defendants, not just Joint Defendants, to expend enormous sums defending this action due to their senseless and ineffective pleadings and filings.")

DATED: August 24, 2021

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge