IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02309-CMA-SKC

FRANKLIN MERRILL, et al.,

Plaintiffs,

v.

CONTRACT FREIGHTERS, INC., a/k/a CFI, a Missouri corporation registered to conduct business in Colorado,

    Defendant.

## ORDER DENYING PLAINTIFF'S UNOPPOSED MOTION TO VACATE [DKT. 85]

    This matter was dismissed on August 4, 2020, after District Judge Arguello adopted the undersigned's recommendation to dismiss this case because it is barred by issue preclusion—Plaintiffs attempted to relitigate claims previously dismissed in *Merrill et al. v. Pathway Leasing LLC*, Civil Action No. 16-cv-02242-KLM. [Dkt. 50.] Judge Arguello held the case open pending a ruling on Defendant's Motion for Sanctions which she referred to the magistrate judge. [*Id.*] In an order dated September 14, 2020 [Dkt. 62], this Court granted Defendant's Motion for Sanctions against Plaintiff's counsel (under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927) because counsel needlessly multiplied these proceedings by filing, and continuing to pursue, this redundant case. [*Id.*] After affording Defendant leave to submit an affidavit of

1

fees in accord with D.C.COLO.LCivR 54.3, in an order dated August 24, 2021 [Dkt. 79], this Court granted (in part) Defendant's Motion for Attorney Fees (also referred to the magistrate judge) and awarded $24,422.00 in reasonable attorney fees to be paid by Plaintiff's counsel and his law firm. No party filed objections to either of these orders under Fed. R. Civ. P. 72(a).

Now before the Court is Plaintiff's Unopposed Motion to Vacate Order Granting Defendant's Motion for Sanctions [Dkt. 62] and Order Re: Motion for Attorney Fees [Dkt. 79] ("Motion to Vacate"). Judge Arguello referred the Motion to Vacate to the magistrate judge [Dkt. 86.] According to the Motion to Vacate, "[a]s part of a mutually agreeable settlement between the Parties to this lawsuit, Defendant CFI has agreed to waive and forego any right to collect the sanctions awarded by the Court and to not oppose the instant Motion." [Dkt. 85, p.1.] The Motion to Vacate further argues:

> Here, vacating the Court's orders granting sanctions and setting their amounts is similarly appropriate given that the parties have settled this matter, the undersigned and his law firm are thus prevented from obtaining review to which they would otherwise be entitled, and neither Plaintiffs nor the undersigned caused the mootness of the Court's orders granting sanctions as it is Defendant that has voluntarily agreed to waive and forego any right to collect the sanctions ordered by the Court. Moreover, Defendant does not oppose the instant Motion. Finally, in this context, it is also equitable to grant the relief requested herein because an order granting sanctions against an attorney is a serious matter that may have various professional and personal consequences, and given Defendant's decision to forego the sanctions it once urged this Court to grant, the undersigned and his law firm should not be forced to bear the weight of the Court's orders given that no appeal will now be taken as this matter has settled.

[*Id.* at 2.]

These arguments miss the mark and rely on inapplicable authority. The Motion to Vacate is DENIED.

## LEGAL PRINCIPLES

When litigants seek to vacate court orders because they settled the case, courts are not quick to oblige. *Oklahoma Radio Assocs. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir. 1993) ("[A]ll of the active judges of this court approve of this order and the overruling of our prior precedents to the extent that they indicate that a settlement agreement by the parties may oblige us to withdraw our opinions.") This is partly because "[c]ourts recognize that a 'policy of permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse.'" *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 4057118, at *3 (D. Colo. Aug. 14, 2014) (citing *Oklahoma Radio Assocs.,* 3 F.3d at 1444).

Judicial orders are considered public acts of the government "which may not be expunged by private agreement." *Id.* (internal quotations and citation omitted). These orders may be useful to other courts for their possible persuasive value. *Id.*; *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.") (citation and

3

quotation marks omitted); *Oklahoma Radio Assoc.*, 3 F.3d at 1437 ("[W]e are seriously troubled by the effort here, made for whatever reason, to cause the withdrawal of an opinion of this court and the nullification of its precedential effect."); *Matter of Mem'l Hosp. of Iowa Cnty, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988) ("A party who thumbs his nose at the orderly processes of the court cannot expect to escape notice; and having attracted notice the litigant may not escape his desert by dismissing the case or walking away."); *Predator Int'l, Inc.*, 2014 WL 4057118, at *3 ("The court's resolution of the parties' dispute over sanctions, memorialized in an order, has potential value to the public that the parties may not simply appropriate in the course of their negotiations.").

While courts favor settlements, that favoritism "did not vest in the parties to this case the authority to decide which judicial orders they wish to remain good law." *Predator Int'l*, 2014 WL 4057118, at *3; *Oklahoma Radio Assocs.*, 3 F.3d at 1440 ("We find no rationale given in our prior opinions or orders justifying the vacatur of prior opinions of this court on request of a party or parties to a settlement."); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 4056578, at *4 (D. Colo. Aug. 14, 2014) ("[N]ot only did the parties fail to identify why it was in the interest of justice to vacate a properly entered order as a condition of a settlement agreement, but I have never vacated an order as a condition of settlement."); *City of Aurora, Colo. v. PS Sys., Inc.*, No. 07-cv-02371-PAB-BNB, 2010 WL 2670819, at *1 (D. Colo. July 2, 2010) ("[T]he Court disagrees that the overriding public policy is in

favor of vacating an otherwise valid court order because one or more of the parties, after settlement, finds that order inconvenient.").

Plaintiff's counsel has not identified why the interests of justice would require vacating properly entered court orders. The public has no say in these litigants' private agreement, and therefore, "it falls to the Court to have 'at heart the interests of other litigants in future cases, and hold them equal in weight with the interests of today's.'" *Predator Int'l*, 2014 WL 4057118, at *3 (citation omitted). "Although future litigants would still be able to read the Court's sanctions order even if it were vacated, vacatur would 'cloud[ ] and diminish the significance' of the Court's holding." *Id.* (citation omitted). Courts in this district have refused to allow settling parties to rewrite the docket for the benefit of litigators who are chagrined by orders appearing there. *See, e.g., Benavides v. Jackson Nat. Life Ins. Co.*, 820 F. Supp. 1284, 1289 (D. Colo. 1993) ("Vacatur allows disappointed litigators effectively to rewrite history. Vacatur allows them to control the direction and content of the jurisprudence—to weed out the negative precedent and preserve the positive—and create an artificially weighty and one-sided estimate of what comprises 'the case law.'").

While Plaintiff's counsel did not raise Fed. R. Civ. P. 60(b), the Court finds no basis in that rule for vacating these prior orders. This is all beside the point that Plaintiff's counsel did not bother to address the many cases from this district, and Tenth Circuit and Supreme Court precedent, *supra*, refusing to vacate court orders based merely on party settlements. *Cf.* Colo. RPC 3.3(a)(2) ("A lawyer shall not

5

knowingly: . . . (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . .."); D.C.COLO.LAttyR 2(a) (adopting the Colorado Rules of Professional Conduct as standards of professional responsibility in the U.S. District Court for the District of Colorado).

The two cases cited by Plaintiff's counsel, *McMurtry* and *Faconnable USA*, are inapposite. These cases vacated prior orders because the party who sought vacatur did not cause those orders to become moot. *See McMurtry v. Aetna Life Ins. Co.*, 273 F. App'x 758, 760-61 (10th Cir. 2008) ("NRHA, however, is not a party to that settlement agreement, and thus has a more compelling claim for equitable vacatur. In mooting the remaining claims on appeal, the settlement agreement denied NRHA the appeal that it seeks."); *Faconnable USA Corp. v. John Does 1-10*, 799 F. Supp. 2d 1202, 1204 (D. Colo. 2011) ("In this case, Skybeam has been deprived of the opportunity to obtain review of the Magistrate Judge's Order by Plaintiff's voluntary dismissal. Thus, through no fault of its own, Skybeam has been denied review of the Magistrate Judge's Order.")

But the litigants here settled this case. "Settlements are, by definition, attributable to the parties and not happenstance." *Oklahoma Radio Assocs.*, 3 F.3d at 1439. Even the *McMurtry* case relied on by Plaintiff's counsel makes this point. *McMurtry*, 273 F. App'x at 760 ("[E]quitable vacatur would not be warranted if either

6

Ms. McMurtry or Aetna petitioned for it because *both of those parties voluntarily forfeited their legal remedies by choosing to settle.*") (emphasis added).

Because settlements are not happenstance, the decision to vacate a prior order due to a settlement is in the court's discretion. *Oklahoma Radio Assocs.,* 3 F.3d at 1439. This Court does not find the parties' voluntary settlement is a sufficient basis for vacating its prior orders granting sanctions and awarding fees. *See Lillard v. Sunflower Farmers Mkt., Inc.*, No. 12-CV-1497-JLK, 2013 WL 3943639, at *2 (D. Colo. July 31, 2013) ("Here, vacatur is not warranted because the parties voluntarily forfeited their legal remedies by choosing to settle.").

The Motion to Vacate is DENIED.

DATED: October 27, 2021

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

7