IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02309-CMA-SKC

FRANKLIN MERRILL,
ANTHONY GLOVER,
KEITH HERRING,
ANTHONY DENNIS,
LARRY JURCAK,
SAMI NASR,
RONALD DENNIS,
RODNEY LACY,
JAMES NEWBERRY,
TAMI POTIRALA,
CRAIG WILLIAMS,
ZIGMUND GUTOWSKI,
JOSEPH HORION,
ERIC ARD,
ALLEN CASHMAN,
ADAM HEIDE,
EDURADO SUSTAITA,
JOSE GARCIA,
ERIC ROBERTSON,
BECKY AUSTIN,
JEFFREY BIGGS,
PAULA HORION,
JOSE LIMON,
GEROD THOMAS,
JAIME PARRALES,
TURRELL SANDERS,
EARNEST WARD, JR.,
CHRISTOPHER ZDENEK,
DANNY LLOYD,
DUANE VANDERKAMP,
JOEY BROWN,
MELANIE BROWN,
ORLANDO LEBRON,
CHARLES TANKSLEY,
GARY GRUBBS,
CHRIS BEAUPRE,
RAYNOLD CORNEILLE,

JULIAN LAFRANKS,
ANDRE ELLIS,
BENJAMIN JOHNSON,
ELVRETT LITTLEJOHN,
JESSIE BRAXTON, JR.
JOHNNIE WYNNE,
STEVEN KORTMAN,
TERRY JONES,
DONALD CREASMAN,
ALEXANDER FLANIGAN, and
TIM HOLLINGSORTH,

    Plaintiffs,

v.

CONTRACT FREIGHTERS, INC. *a/k/a* CFI, a Missouri corporation,

    Defendant.

---

### ORDER OVERRULING PLAINTIFFS' OBJECTION TO ORDER DENYING PLAINTIFFS' UNOPPOSED MOTION TO VACATE

---

This matter is before the Court on Plaintiffs' Objections to United States Magistrate Judge S. Kato Crews's Order Denying Plaintiffs' Unopposed Motion to Vacate. (Doc. # 88.) For the following reasons, the Court overrules Plaintiffs' objections and affirms Judge Crews's Order.

### I.    BACKGROUND

The factual and procedural background of this case has been recited in detail in this Court's prior Order Adopting Magistrate Judge's Recommendation re: Defendant's Motion to Dismiss and Plaintiffs' Motion to Amend (Doc. # 50) and in Judge Crews's Order Granting Defendant's Motion for Sanctions (Doc. # 62). Accordingly, the Court will

2

reiterate only the facts and procedural history necessary to address Plaintiffs' objections.

The Court dismissed this case on August 4, 2020, by order adopting Judge Crews's recommendation that Plaintiffs' claims should be dismissed because they are barred by issue preclusion. *See generally* (Doc. # 50). The Court agreed with Judge Crews that Plaintiffs improperly attempted to relitigate claims previously dismissed in *Merrill et al. v. Pathway Leasing LLC*, No. 16-cv-02242-KLM ("*Merrill I*"). (Doc. # 50 at 14–16.) The Court also determined that Defendant's Motion for Sanctions (Doc. # 15), which had been filed on October 29, 2019, and which the Court referred to Judge Crews, should remain pending. (Doc. # 50 at 19.) Plaintiffs' counsel then filed a Response to the Motion for Sanctions (Doc. # 52) on August 7, 2020—263 days past the deadline and without seeking leave of court.

In an order dated September 14, 2020 ("Sanctions Order"), Judge Crews determined that sanctions were warranted under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 because Plaintiffs' counsel needlessly multiplied proceedings by filing and continuing to pursue the instant case ("*Merrill II*"), which Judge Crews characterized as a "doppelganger" of *Merrill I*. (Doc. # 62 at 5, 17.) Accordingly, Judge Crews ordered that Plaintiffs' counsel shall pay Defendant's reasonable attorney's fees and costs and afforded Defendant leave to submit an affidavit of fees. (*Id.* at 17.) On August 24, 2021, Judge Crews granted in part Defendant's Motion for Attorney Fees (Doc. # 64) ("Attorney Fees Order") and awarded Defendant reasonable attorneys' fees in the

amount of $24,422.00 against Plaintiffs' counsel. (Doc. # 79.) Plaintiffs did not file an objection to either the Sanctions Order or the Attorney Fees Order.

On October 25, 2021, Plaintiffs filed an Unopposed Motion to Vacate Order Granting Defendant's Motion for Sanctions and Order re: Motion for Attorney Fees ("Motion to Vacate") (Doc. # 85). Therein, Plaintiffs sought vacatur of both the Sanctions Order and the Attorney Fees Order on the basis that the parties had settled and that Defendant "agreed to waive and forego any right to collect the sanctions." (*Id.* at 1.) This Court referred the motion to Judge Crews (Doc. # 86).

On October 27, 2021, Judge Crews denied Plaintiffs' Motion to Vacate on the basis that Plaintiffs failed to show why the interests of justice would require vacating properly entered court orders. (Doc. # 87 at 5.) Judge Crews observed that "[j]udicial orders are considered public acts of government 'which may not be expunged by private agreement'" and that "[c]ourts in this district have refused to allow settling parties to rewrite the docket for the benefit of litigators who are chagrined by orders appearing there." (*Id.* at 3, 5) (quoting *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 4057118, at *3 (D. Colo. Aug. 14, 2014)). Accordingly, Judge Crews found that the parties' voluntary settlement was not a sufficient basis to vacate the Sanctions Order or the Attorney Fees Order and denied Plaintiffs' motion. (*Id.* at 7.)

Plaintiffs now object and ask this Court to set aside Judge Crews's October 27, 2021 Order (Doc. # 87), grant Plaintiffs' Motion to Vacate (Doc. # 85), and vacate the Sanctions Order and the Attorney Fees Order.

## II. LEGAL STANDARDS

### A. REVIEW OF A MAGISTRATE JUDGE'S NON-DISPOSITIVE RULING

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court may modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court must affirm a Magistrate Judge's decision unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West. Comms., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

### B. VACATUR OF COURT ORDERS

The Supreme Court has stated that "[t]he equitable remedy of vacatur ensures that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'" *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). However, courts often refrain from vacating orders when parties settle because "[a] policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse." *Okla. Radio Assocs. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir. 1993). An "opinion is a public act of the government, which may not be expunged by private agreement." *Predator Int'l, Inc.*, 2014 WL 4057118, at *3 (quoting *Okla. Radio Assocs.*, 3 F.3d at 1444). Moreover, the reasoning in the published opinion "may be helpful to other courts to the

extent that it is persuasive." *Id.* (quoting *Okla Radio Assocs.*, 3 F.3d at 1444); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." (internal quotation marks and citation omitted)).

### III.   ANALYSIS

Plaintiffs raise four objections to Judge Crews's Order Denying Plaintiffs' Unopposed Motion to Vacate. *See* (Doc. # 88). The Court will address each in turn.

First, Plaintiffs object that Judge Crews erred in finding that Plaintiffs failed to identify why the interests of justice require vacatur. (*Id.* at 3.) In support, Plaintiffs point to the following paragraph in their Motion to Vacate:

> Here, vacating the Court's orders granting sanctions and setting their amounts is similarly appropriate giving that the parties have settled this matter, the undersigned and his law firm are thus prevented from obtaining review to which they would otherwise be entitled, and neither Plaintiffs nor the undersigned caused the mootness of the Court's orders granting sanctions as it is Defendant that has voluntarily agreed to waive and forego any right to collect the sanctions ordered by the Court. Moreover, Defendant does not oppose the instant Motion. Finally, in this context, it is also equitable to grant the relief requested herein because an order granting sanctions against an attorney is a serious matter that may have various professional and personal consequences, and given Defendant's decision to forego the sanctions it once urged this Court to grant, the undersigned and his law firm should not be forced to bear the weight of the Court's orders given that no appeal will now be taken as this matter has settled.

(*Id.*) Plaintiffs therefore argue that they did in fact identify why the "interests of justice" support vacatur and contend that Judge Crews erred by denying the requested relief

"based on a purported failure to advance a necessary part of the argument." (*Id.*) The Court disagrees with Plaintiffs' characterization of Judge Crews's reasoning and sees no clear error in Judge Crews's determination that Plaintiffs did not identify why the interests of justice required vacatur of properly entered court orders. Judge Crews addressed and rejected Plaintiffs' arguments that settlement, and all of its consequences, weigh in favor of vacatur. *See* (Doc. # 87 at 7) ("This Court does not find the parties' voluntary settlement is a sufficient basis for vacating its prior orders granting sanctions and awarding fees." (citing *Lillard v. Sunflower Farmers Mkt. Inc.*, No. 12-cv-1497-JLK, 2013 WL 3943639, at *2 (D. Colo. July 31, 2013) ("Here, vacatur is not warranted because the parties voluntarily forfeited their legal remedies by choosing to settle."))). Further, Judge Crews appropriately noted that Plaintiffs failed to address the public's interest. (*Id.*) Because Judge Crews applied the correct legal analysis, the Court overrules Plaintiffs' objection.

Next, Plaintiffs take issue with Judge Crews's observation that Plaintiffs did not raise Fed. R. Civ. P. 60(b) as a basis for relief. (Doc. # 88 at 3–4.) Plaintiffs appear to argue that Judge Crews's reference to Fed. R. Civ. P. 60 was unnecessary and "a continuation, in part, of the Magistrate's unexplained pattern of negative treatment of the undersigned." (*Id.* at 4.) Plaintiffs argue, without support, that Judge Crews has been "unduly harsh in his treatment of the undersigned" and point to Judge Crews's Sanction Order (Doc. # 62) and other rulings as example of this purported unfair treatment. Having reviewed the record, the Court concludes that Plaintiffs' argument has no merit. In any event, Plaintiff fails to point to any authority identifying how unsupported

7

accusations of a "pattern of negative behavior" constitute a valid objection to an order by a Magistrate Judge. Plaintiffs' objection is overruled.

Next, Plaintiffs object that Judge Crews erred by stating that Plaintiffs' counsel did not "bother to address the many cases from this district . . . refusing to vacate court orders based merely on party settlements" and citing to Colo. RPC 3.3(a)(2) ("A lawyer shall not knowingly . . . (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to lawyers to be directly adverse to the position of the client and not disclosed by opposing counsel . . . .") and D.C.COLO.LAttyR 2(a) (adopting the Colorado Rules of Professional Conduct as standards of professional responsibility in the U.S. District Court for the District of Colorado). (Doc. # 88 at 2, 4.) Having reviewed Plaintiffs' Motion to Vacate (Doc. # 85), the Court rejects Plaintiffs' argument that Judge Crews's citation to the professional rules was "plainly incorrect." (Doc. # 88 at 4.) Rather, Judge Crews correctly noted that Plaintiffs failed to address well-settled precedent in this Circuit weighing against vacatur of court orders based on party settlements, and Judge Crews appropriately cited to the proper rules of professional conduct. Plaintiffs' objection is overruled.

Finally, Plaintiffs object that Judge Crews's "observation that the undersigned's cited authorities are 'inapposite' is likewise plainly incorrect." (*Id.* at 5.) Specifically, Plaintiffs argue that Judge Crews

> failed to understand, or overlooked, that the undersigned's argument in support of the Motion to Vacate is premised upon the fact that parties (which does not include the undersigned or his law firm) to the litigation settled this matter amicably thereby denying the undersigned his ability to seek review of an order granting sanctions against himself and his law firm.

8

(*Id.*) Specifically, Plaintiffs argue that Judge Crews erred in distinguishing *McMurtry v. Aetna Life Ins. Co.*, 273 F. App'x 758 (10th Cir. 2008) (unpublished) and *Faconnable USA Corp v. John Does 1-10*, 799 F. Supp. 2d 1202 (D. Colo. 2011) from the instant case. The Court sees no error in Judge Crews's determination that these two cases are inapposite because "the party who sought vacatur did not cause those orders to become moot." (Doc. # 87 at 6); *see McMurtry*, 273 F. App'x at 760–61 (observing that vacatur would not be warranted if requested by either party that "voluntarily forfeited their legal remedies by choosing to settle," but it was warranted with respect to an intervenor who was not party to the settlement); *Faconnable USA Corp.*, 799 F. Supp. 2d at 1204 (concluding that vacatur was appropriate where a party was "deprived of the opportunity to obtain review of the Magistrate Judge's Order by Plaintiff's voluntary dismissal"). Neither case is directly on point for the factual scenario of this case, where Plaintiffs' counsel appears to argue that he has been deprived of the opportunity of review because of Plaintiffs' settlement. Judge Crews did not err in determining that the cases cited by Plaintiffs are inapposite, and the Court therefore overrules Plaintiffs' objection.

Having reviewed Judge Crews's Order Denying Plaintiffs' Unopposed Motion to Vacate (Doc. # 87) and Plaintiffs' Objections (Doc. # 88), the relevant briefing and portions of the record, and applicable authority, the Court is satisfied that Judge Crews's order is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court therefore overrules Plaintiffs' objections and affirms the ruling of Judge Crews. *See Ariza*, 167 F.R.D. at 133 (D. Colo. 1996).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiffs' Objection to Order Denying Plaintiffs' Unopposed Motion to Vacate (Doc. # 88) is OVERRULED.

DATED: April 13, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge